HENRY W. HOOEY, Appellant, *v.* AIRPORT CONSTRUCTION COMPANY et al., Respondents.

(Argued April 11, 1930; decided May 6, 1930.)

*James A. Leary* and *A. W. Pitkin* for appellant. The defendant Tobin & McKenna, Inc., was negligent. (*Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Curran* v. *L. C. & M. R. R. Co.*, 211 N. Y. 60; *Dick* v. *Steel & Masonry Contr. Co.*, 153 App. Div. 651; *Drummond* v. *Norton Co.*, 156 App. Div. 126, 213 N. Y. 670; *Pasquini* v. *Lowery*, 63 Hun, 632; *Vinceit* v. *Cook*, 4 Hun, 318; *Haack* v. *Brooklyn Labor Lyceum Assn.*, 93 App. Div. 491; *Uggla* v. *Brokaw*, 117 App. Div. 586; *Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124; *McGlone* v. *Angus*, 248 N. Y. 197; *Hollenback* v. *Hand*, 189 Fed. Rep. 929; *Bishof* v. *Leahy*, 54 App. Div. 619; *Smith* v. *Brady*, 136 App. Div. 665; *Murphy* v. *Rochester Tel. Co.*, 208 App. Div. 392.) Defendant Airport Construction Company, because of its interference and invitation to plaintiff, is jointly liable. (*Flanagan* v. *Ley & Co.*, 241 N. Y. 607; *McGlone* v. *Angus*, 248 N. Y. 197; *Murphy* v. *Rochester Tel. Co.*, 208 App. Div. 392; 240 N. Y. 629; *Hollenback* v. *Hand*, 189 Fed. Rep. 929; *Silverman* v. *Binder*, 130 App. Div. 581; *De Lee* v. *Pardy Constr. Co.*, 249 N. Y. 103; *Hawke* v. *Brown*, 28 App. Div. 37; *Jacoby* v. *Browning*, 105 Misc. Rep. 312.)

*Jacob I. Goodstein* for Airport Construction Company, respondent. No cause of action whatever was made out against the defendant Airport Construction Company. (*Besner* v. *Central Trust Co.*, 230 N. Y. 357; *Jacoby* v. *Browning*, 105 Misc. Rep. 312; *Silverman* v. *Binder*, 130 App. Div. 581; *Joyce* v. *Convent Ave. Constr. Co.*, 155 App. Div. 586; *De Lee* v. *Pardy Constr. Co.*, 249 N. Y. 103.)

*Thomas J. P. Cawley* and *John W. MacDonald* for Tobin & McKenna, Inc., respondent. Plaintiff proved no negligence against defendant Tobin & McKenna, Inc. (*Bishof* v. *Leahy*, 54 App. Div. 619; *Cochran* v. *Sess*, 168 N. Y. 372; *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Loudon* v. *Railroad*, 162 N. Y. 380; *Wolf* v. *Am. Tract Soc.*, 164 N. Y. 30; *Rush* v. *Bauland Co.*, 82 App. Div. 507.)

CARDOZO, Ch. J. In June, 1928, an airport was in course of construction for the city of Albany. The defendant Airport Construction Company was the general contractor for the construction of the hangars. Its superintendent was on the scene during the progress of the work. To a subcontractor, the defendant Tobin & McKenna, Inc., was assigned the building of the walls. Other subcontractors, roofers, carpenters, manufacturers of sash, had their own allotted tasks.

On June 7, the south wall of hangar No. 2 had been carried by the subcontractor to the level of the window sills. On June 8, by 11 A. M., the brick piers had been built between the windows, and between the windows and the door. The masons then gave way until the sash was set in place. They left their tools, bricks and mortar on the spot, for they would have to return at a later stage and construct the brick sills.

The plaintiff, who was employed by the subcontractor for the sash, began his work at the wall the morning of the next day. The wall was eight inches thick, about fifty feet long and nine feet high. It had neither roof nor

rafter nor partition to bind it to the hangar of which it was to form a part. Freshly built, it had been left standing in the open country, swept by heavy winds without braces or supports. Hardly had the plaintiff began the placing of the sash before the piers toppled over and buried him below. He suffered injuries for which he sued. The trial judge dismissed the complaint. The Appellate Division affirmed by a divided court.

The falling wall is evidence that there was negligence on the part of some one. There is a custom by which walls of such dimensions, if exposed to winds or other strains, are sustained while still " green " by the support of wooden braces. Either that device or something else was manifestly necessary. The only question is on whom the duty to supply it lay.

We think the general contractor was subject to the duty, whatever may be found to be the liability of others. The undertaking to build the hangars carried with it an attendant obligation to build them well and safely within the limits of the care and skill that are proper to the calling (American Law Institute, Restatement of the Law of Torts, § 254). If the contractor would shift the incidence of the duty, and the liability for non-performance, to the shoulders of another, the least it should do is to prove the terms of the new contract, the extent of delegation. Till then, it is still the *entrepreneur*, the master of the enterprise. The record does not tell us anything about the terms of the subcontract beyond the fact that the subcontractor had undertaken to build the walls. There is no evidence that it undertook as part of its specifications to provide the necessary guards and braces during the progress of the work, a service which would have involved, for so the record shows, the employment of a carpenter. There is no evidence that such a service is an implied or customary incident of the work of a mason when employed as a subcontractor only. The general contractor is indeed in this dilemma. If it did not make

provision, expressly or by implication, that the necessary bracing should be provided by the mason, it was subject to a continuing duty to protect the wall itself (*Burke* v. *Ireland*, 166 N. Y. 305; *Sheridan* v. *Rosenthal*, 206 App. Div. 279). If it did make such provision, it knew by its superintendent, who was continuously on the job, that protection had been omitted, in which event negligence might reasonably be inferred from the failure to do anything by warning or otherwise to neutralize the danger (*Caspersen* v. *La Sala Bros., Inc.*, 253 N. Y. 491). In brief, the burden is on the contractor, when once the negligent condition has been proved, to accept responsibility for the conduct of an enterprise admittedly its own, or, if responsibility is to be escaped, to show how and why it was shifted to some one else. Escape from responsibility through the delegation of duty to another is a defense to be proved, not a privilege presumed.

The question is a closer one whether the mason subcontractor was also in default. We cannot say that it was in default with reference to any duty expressly assumed, for we have not seen its contract. We cannot say that it was in default with reference to any duty assumed by implication, for the record does not advise us as to the apportionment of duties according to the custom of the trade. A different question would be here if after doing its own work, it had left the unprotected wall without reasonable ground for the belief that the general contractor would supply the necessary bracing either by an order to the carpenters or in some other fitting way (*Ryan* v. *Feeney & Sheehan Bldg. Co.*, 239 N. Y. 43; *Hardie* v. *Boland Co.*, 205 N. Y. 336). If such belief was lacking, the plaintiff had the burden to make the fact apparent. So far as the record shows, the subcontractor might reasonably assume, when its masons stepped aside, that the general contractor, there at hand upon the job, would not fail in the discharge of duties incidental to the enterprise.

As to the defendant Tobin & McKenna, Incorporated, the judgment should be affirmed with costs.

As to the defendant Airport Construction Company, the judgment should be reversed and a new trial granted with costs to abide the event.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.