Alice S. Petluck and Another, Appellants, v. McGolrick Realty Company, Inc., and Others, Respondents, and Others, Defendants.

First Department, February 2, 1934.

*Harold R. Medina* of counsel [*William F. Mc Nulty* and *John W. Jordan* with him on the brief; *Schenker & Schenker*, attorneys], for the appellants.

*Daniel Mungall*, for the respondent McGolrick Realty Company, Inc.

*Joseph P. Shea*, for the respondents Alberto Amato and Allan Smith.

*J. Austin Lyons*, for the respondent George B. Cook.

FINCH, P. J. The plaintiff Alice S. Petluck, as president of the Mother's Welfare League, a charitable organization, was considering the purchase of property as a summer camp for needy children. When the McGolrick Realty Company learned of this, it communicated with Mrs. Petluck and sought to interest her in a plot at its development which it considered " excellently suited " for this purpose. Without waiting for the completion of the work of clearing the development of trees and rocks and providing roads, all of which undisputably required the use of large quantities of dynamite, the McGolrick Realty Company nevertheless sent a written invitation to the plaintiff Alice S. Petluck, and the other members of the committee chosen for the purpose of selecting a camp site, to visit the development on Decoration Day. The plaintiff and her committee, however, did not accept this invitation, whereupon the McGolrick Realty Company sent Mrs. Harvey, one of the sales representatives, to attend a meeting of the Mother's Welfare League. On this occasion arrangements were made to take the plaintiff and her committee up to the development to inspect the plot in question. In accordance with these arrangements, the plaintiff and her committee, accompanied by Mrs. Eckenhagen, another of the McGolrick Realty Company's sales representatives, were conducted to the New York office of the company, and after being introduced to Mr. McGolrick, the president of the company, were escorted to a bus bearing McGolrick Realty Company streamers and driven to Peekskill. Intent on making a sale, Mr. Wilson, the sales manager of the McGolrick Realty Company, joined the other sales representatives, Mrs. Harvey and Mrs. Eckenhagen, who accompanied the plaintiff and her committee to the development. The bus entered upon the property and was about to proceed up a hill which led to a log cabin or lodge upon the premises. At this point it is undisputed that the bus suddenly came to a stop while Mr. Wilson and Mrs. Harvey alighted and conversed with a man who was standing in the roadway waving a red flag. After talking with this

man for a short time, the sales manager of the owners and Mrs. Harvey both returned to the bus and told the chauffeur to proceed, saying, " everything is O. K." The bus thereupon went up the hill and came to a stop a few feet from the aforesaid lodge. Mrs. Harvey and Mr. Wilson led the way. About fifteen feet from the bus, proceeding to the log cabin, suddenly, the plaintiff testified, she heard a report like an explosion and something struck her in the chest. Then there was another shower of stones which struck the plaintiff along the chest and the breast, knocking the plaintiff unconscious.

Upon an examination before trial one of the contractors had testified that to the best of his knowledge and belief a foreman and his men employed by the owners were in the vicinity of the log cabin where the plaintiff was injured upon the day of the accident. At the trial, however, this same contractor took the stand and testified practically directly to the contrary of what he had testified on his examination before trial. The result was that plaintiff was unable to prove affirmatively who had set off the blast by which she had been injured. One of the independent contractors called as a witness by the plaintiff testified that he had done no blasting during the afternoon upon which the plaintiff had been injured, because the owner had instructed him not to do any blasting on Saturday afternoons or Sundays.

The complaint was dismissed at the close of the case of the plaintiffs upon the ground that there had been a failure of proof of knowledge on the part of the owner that blasting was being conducted on the premises or that there had in fact been any blasting, as distinguished from an accidental explosion, and upon the further general ground that there was a failure of proof of negligence on the part of any defendant contractor.

The result arrived at shocks one's sense of justice.

The complaint, in so far as concerns the owner, should not have been dismissed, since the facts shown at the very least call for an explanation by the defendant owner. For instance, the presence of a man with a red flag upon the property of the owner is some evidence that blasting was in progress and that the owner knew of it. The fact that the man was on the premises doing the manual labor of waving the flag, in the absence of proof that he was employed by some other person, is some evidence that he was employed by the owners, accompanied, as is the fact, by his conversation with the representative of the owner, who thereafter announced that the bus could safely proceed despite this danger signal.

As already noted, the plaintiff was an express invitee upon the premises of the owner. She had been conducted there in further-

ance of the business of the owner. She thus comes within the classification of a " business visitor " and as such was entitled to protection by the owner from unusual danger, the presence of which he knows or ought to know. As was said by Judge KELLOGG in *Haefeli* v. *Woodrich Engineering Co.* (255 N. Y. 442, 448): " All non-trespassing visitors upon the lands of another, for the purpose of determining the relative duties of the occupant towards them, are classified either as ' Gratuitous Licensees ' or ' Business Visitors.' (Restatement of the Law of Torts, American Law Institute, §§ 201, 202.) The business visitor is one who comes upon the land, at the instance of the occupant, for purposes ' directly or indirectly connected with any purpose, business or otherwise, for which the possessor uses the land.' * * * The restatement sums up the matter by saying that an occupant is liable for bodily harm caused to business visitors if ' he knows, or by the exercise of reasonable care could discover ' the dangerous condition of his premises, and fails ' to make the condition reasonably safe, or to warn them of the condition and the risk involved therein.' (§ 213.) "

Did the owner in the case at bar exercise the degree of care above prescribed? At the least sufficient facts were shown to raise a question of fact as to whether the owner had exercised the care required of an owner. Among other facts it was shown that the owner was doing or having work done upon the premises which was inherently dangerous. It was put upon notice of the presence of danger by the waving of the red flag as aforesaid. It nevertheless invited the plaintiff to proceed, upon the reassuring statement that " everything is O. K."

It is no answer to the complaint against the owner that independent contractors were at work upon the premises and that plaintiff did not prove by whom the blast was set off; *first*, because it appears that the owner itself exercised general supervision over the development work, and, *second*, because the duty of protecting its " business visitor " from danger while upon the premises is one which the owner could not delegate to an independent contractor. As was said by Judge CRANE in *Besner* v. *Central Trust Co.* (230 N. Y. 357, 363): " When the owner of premises which are under his control employs an independent contractor to do work upon them which from its nature is likely to render the premises dangerous to persons who may come upon them by invitation of the owner, the owner is not relieved by reason of the contract from the obligation of seeing that due care is used to protect such persons. The owner cannot continue to hold out the invitation without being bound to exercise due care in keeping the premises reasonably safe for use according to the invitation."

With respect to the contractors, a different situation exists. There was no duty owing by the contractors to plaintiff except to abstain from acts of affirmative negligence. Until plaintiff brought home to one or more of the contractors responsibility for the explosion, therefore, or showed facts from which such responsibility naturally must be inferred, there was no duty to explain. Mere presence of the contractors upon the premises in question is insufficient, in itself, and does not cast upon these defendants the burden of negativing plaintiffs' case. (*Slater* v. *Barnes*, 241 N. Y. 284, 287.)

The judgment, in so far as the complaint is dismissed as against the defendant owner McGolrick Realty Company, Inc., should be reversed and a new trial granted, with costs to the appellants to abide the event. In all other respects the judgment is affirmed, with costs to the respondents Alberto Amato, George B. Cook and Allan Smith.

O'MALLEY, TOWNLEY and GLENNON, JJ., concur; MARTIN, J., concurs in result.

Judgment, in so far as the complaint is dismissed as against the defendant owner McGolrick Realty Company, Inc., reversed, the action severed, and a new trial granted as to said defendant, with costs to the appellants against said respondent to abide the event; and in all other respects judgment affirmed, with costs to the respondents Alberto Amato, George B. Cook and Allan Smith against the appellants.