MARY SIMOVICH, as Administratrix, etc.; of JOHN PETER SIMOVICH, Deceased, Appellant, v. FILLMORE GARDENS CORPORATION, Defendant, and D. SLOTE & SON, INC., Respondent.— John Peter Simovich was killed when a stone balcony in the course of construction near the roof of a six-story brick building suddenly fell, carrying with it the scaffold upon which he and two other workmen were engaged in their work. The building was being erected by the owner, Fillmore Gardens Corporation, which sublet different portions of the work. Defendant D. Slote & Son, Inc., did the brick work. Ralph P. Bova, Inc., was the sub-contractor for the stone work. The brick work was done to the roof above the sixth story and Bova's men, under the direction of Mr. Bova, began work on this ornamental stone balcony. They placed the brackets and anchored them, in part to the roof beams and in part by metal strips that were bent over the wall. Then, without waiting for the mortar to set in the cold weather of January, 1931, they commenced placing the ornamental stone balconies on the brackets, which extended out from the wall to a greater distance than the depth of the wall in which they were placed. Evidently this weight on the end of the brackets overcame the resistance of the anchors and of the freshly laid backing up wall, thereby causing the entire balcony and some of the attached brick work to fall. There was no particular relation of duty between D. Slote & Son, Inc., and Ralph P. Bova, Inc., and the latter was acting on its own independent judgment in erecting the balcony at a time when the walls had not become set. (*Hooey* v. *Airport Construction Co.*, 253 N. Y. 486.) On the trial the owner-contractor did not appear and no attempt was made to fix liability on it. At the close of the plaintiff's evidence the complaint was dismissed on motion of the defendant D. Slote & Son, Inc., and judgment was entered dismissing the complaint as to it. There has been no trial of the issue as against defendant Fillmore Gardens Corporation, and as to that corporation the action may be severed and trial had if plaintiff is so advised. Judgment affirmed, with costs. No opinion. Hagarty, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., dissents upon the ground that the plaintiff proved facts sufficient to constitute a cause of action against D. Slote & Son, Inc.

MAYHEW TOWER, Doing Business as TOWER CONSTRUCTION COMPANY, Respondent, v. IRENE RILEY, Appellant.— Order of the County Court of Suffolk county denying defendant's motion to vacate and set aside the service of the summons in the above-entitled action affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

FRED WALTER and Another, Appellants, v. HENRY L. DOHERTY & COMPANY and Another, Respondents.— Order granting defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. Judgment dismissing the complaint for failure to pay taxable costs reversed on the law and as a matter of discretion (Civ. Prac. Act, §§ 283, 496), with leave to plaintiffs to serve an amended complaint within ten days on payment of costs and the costs of this appeal. The plaintiffs were entitled to review the order by an appeal therefrom without being compelled to amend at once and pay costs, in default of which, judgment was to be entered against them. Had they accepted the terms of the order they would have lost the right to appeal. Hagarty, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., dissents, being of the opinion that the complaint states facts sufficient to constitute a cause of action.