MARIE HANLEY and JOHN LEFEVRE, Respondents, Appellants, *v.* CENTRAL SAVINGS BANK, Respondent, Impleaded with MAX HOCHMAN, Appellant.

First Department, December 23, 1938.

*Charles H. Lane* of counsel [*Leo F. Potts*, attorney], for the appellant Hochman.

*Joseph S. Robinson* of counsel [*Robinson, Hennessy & Weitzer*, attorneys], for the respondents-appellants.

*F. A. W. Ireland* of counsel [*Ireland & Cohen*, attorneys], for the defendant-respondent.

O'MALLEY, J. A quantity of bricks from a wall of a building owned by the defendant bank, and which was being demolished,

fell through a window into an adjoining building and onto a bed in which the infant plaintiff was asleep. The accident happened about ten or eleven P. M. on a Saturday evening and on a day on which no work had been done.

Actions against the defendant bank and the contractor in immediate charge of the work have resulted in verdicts in favor of the infant plaintiff and her stepfather against both defendants.

The trial justice on the motion set aside the verdicts as against the defendant bank upon the ground that only the defendant Hochman, the contractor, was liable, the defendant bank having engaged him to do the entire work as an independent contractor.

Plaintiffs appeal from the order, entered upon the minutes setting aside the verdicts as against the defendant bank, and from the judgment in so far as it dismisses their complaint against said defendant, and the defendant Hochman appeals from the judgment in favor of the plaintiffs as against him.

Demolition of a building in a crowded section of a city should be considered as inherently dangerous (Restatement of the Law of Torts, §§ 412–416). If so, the defendant-respondent bank as owner of the property could not relieve itself of responsibility from trespass by the engaging of an independent contractor. (*Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217; *Rosenberg* v. *Schwartz*, 260 id. 162; *Hyman* v. *Barrett*, 224 id. 436; Restatement of the Law of Torts, § 422.)

Even if such work be regarded as not inherently dangerous, still under the circumstances of this case the jury were entitled to find against the bank, though an independent contractor had been hired. (*Petluck* v. *McGoldrick Realty Co., Inc.*, 240 App. Div. 61.) In an examination before trial of the bank its real estate supervisor testified that he was on the premises approximately every day to determine the progress of the work " and to generally supervise." He said that he had given instructions by way of criticism of the type of demolition and construction work, so that the same would conform to the plans and specifications, and so that he could see that the work " was done right."

In view of this testimony (the bank itself calling no witnesses at the trial and not producing the contract with the independent contractor) the jury were justified in finding that though the work had been let out, the bank, as owner, had retained some supervision, even over the detail of the work, and hence was liable for its negligent performance. " Escape from responsibility through the delegation of duty to another is a defense to be proved, not a privilege presumed." (*Hooey* v. *Airport Construction Co.*, 253 N. Y. 486, 490.)

The verdict against the defendant Hochman was, in our opinion, fully justified. On the day preceding the accident he had actual notice of a similar occurrence when bricks from the same wall fell through a window into another bedroom on plaintiffs' premises. Notwithstanding such notice, he failed to keep his promise to remedy the condition. In this view, it was error for the trial justice to set aside the verdicts in favor of the plaintiffs as against the defendant-respondent bank and, further, to dismiss the complaint.

It follows, therefore, that the motion of the defendant Central Savings Bank to set aside the verdict and dismiss the complaint should have been denied. So much of the judgment as dismisses the complaint as to such defendant should be reversed, with costs to the plaintiffs against said defendant, and the verdict reinstated, and the judgment in favor of the plaintiffs and against the defendant Hochman should be affirmed, with costs.

MARTIN, P. J., and DORE, J., concur; TOWNLEY and COHN, JJ., dissent.

So much of the judgment as dismisses the complaint as to the defendant Central Savings Bank, reversed, with costs to the plaintiffs against said defendant, and the verdict reinstated, and the judgment in favor of the plaintiffs and against the defendant Max Hochman affirmed, with costs.