Rosario Zuco et al., Appellants, v. Isidore Funt et al., Respondents, et al., Defendants.—

Hagarty, Carswell, Johnston and Adel, JJ., concur; Close, P. J., dissents and votes to reverse the judgment and to grant a new trial, with costs to appellants to abide the event, with the following memorandum: As plaintiffs' complaint was dismissed at the close of the case, they are entitled to the most favorable inferences that may be drawn from the evidence. Applying that test, the jury could have found that the steel workers were permitted to erect steel columns to support the sixth floor before the fifth floor had been planked over, as required by subdivision 4 of section 241 of the Labor Law. This statutory duty is absolute and nondelegable. Every owner and general contractor who fails to perform it is guilty of negligence as a matter of law where, as here, a causal connection is established between the failure to perform the duty and the accident causing the injury. In addition, the owner of a building under construction, acting as general contractor, is under a duty to an employee of a subcontractor to use reasonable care to furnish such employee with a reasonably safe place to work. (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Hooey* v. *Airport Construction Co.*, 253 N. Y. 486.)