Klein, J.
The defendant Hale Operating Corporation moves, pursuant to the provisions of section 1476 of the Civil Practice Act, for an order awarding costs to it against the plaintiff in this action. This is an action to recover damages alleged to have been sustained to property owned by plaintiff and located *985 at 30-32 West 13th Street in this city. The defendant John Candela, as an independent contractor, had contracted with the moving defendant, which owned the adjoining property located at 12-28 West 13th Street, to demolish the latter building. Plaintiff alleged that the damage was done during the course of the demolition. On the moving defendant’s motion the complaint was dismissed as against it at the end of the entire case. The plaintiff recovered a jury verdict against the remaining defendant, Candela, in the amount of $15,000.
Under the provisions of section 1476 the court in its discretion may award costs to a defendant against whom the plaintiff is not entitled to costs, where, as in the present case, the prevailing defendant is not united in interest or in an answer with the defendant against whom the plaintiff is entitled to costs.
While the general rule is that where the owner employs a general contractor the latter alone is liable for negligence on his part, the rule is otherwise where the work being done would, in the natural course of events, produce injury unless certain precautions are taken (Hooey v. Airport Constr. Co., 253 N. Y. 486; Janice v. State of New York, 201 Misc. 915).
Another exception is that an owner remains liable for injuries caused by the failure of the contractor to exercise due care in respect to the performance of work which is inherently or intrinsically dangerous. (Hanley v. Central Sav. Bank, 255 App. Div. 542, affd. 280 N. Y. 734.)
The plaintiff was entitled to establish, if it could, by the evidence that this case came within one of the foregoing exceptions to the rule at common law.
The plaintiff claimed also that the defendant owner had violated the requirements of section 241 of the Labor Law and that the contractor had violated rule 612 of the Rules of the Board of Standards and Appeals, for which violation the owner would also be liable.
Whether or not the plaintiff would be entitled to go to the jury on its claims could be ascertained only after the presentation of evidence was completed.
The discretion which the court has under the section must be exercised in the light of the facts and circumstances of each particular case. In the present case and in the exercise of that discretion, the motion of the defendant Hale Operating Corporation is denied. An order may be settled if desired.