### PAGE v. MARTINI. (No. 8925.)*

Court of Civil Appeals of Texas. Galveston. March 17, 1927.

Rehearing Denied April 7, 1927.

1. **Landlord and tenant** &#8660;124(2)—**Stairway giving entrance to upper floor passes with lease of upper floor, as part of estate conveyed.**

Where tenant leases entire upper floor of building, stairway giving entrance thereto, and its entrance, is essential and necessary to use of leased premises, and an appurtenant portion thereof, which passes with lease of upper floor.

2. **Landlord and tenant** &#8660;124(2)—**Lessee of upper floor held entitled to placing sign on entrance to stairway in hall, sublet to lessee of theater on ground floor.**

Lesse of upper floor *held* entitled to place electric globe, indicating lessee's business, on entrance to stairway in hall, sublet to lessee of theater on ground floor, who had agreed to placing stairway where it was and to keep hallway open, such fixture being not an unrea-

sonable interference with his use and enjoyment of hallway.

3. **Landlord and tenant** &#8660;124(2)—**Lessee of upper floor, in placing advertising sign over entrance to stairway in hall, sublet to another, could not unnecessarily interfere with lights in hallway.**

Lessee of upper floor, in exercising right to place advertising sign over entrance to stairway in hall, sublet to lessee of theater on ground floor, had to have due regard to latter's right to place lights in hallway and refrain from unnecessary interference with such light.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Suit for injunction by A. Martini against Lena Page. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Levy & Barker, of Galveston, for appellant.

Frank S. Anderson, of Galveston, for appellee.

PLEASANTS, C. J. This is a suit for injunction brought by appellee against appellant to enjoin her from maintaining an advertising device in a hallway which is the common entrance to the respective places of business of plaintiff and defendant.

The record discloses that plaintiff, as lessee, operates a moving picture and road showhouse, known as the Grand Opera House, and situated on the northern portions of lots 10, 11, and 12 in block 500 in the city of Galveston. The main entrance to this opera house is through a hallway 15 feet wide extending west from the opera house building along the ground floor of a building situated on the north portions of lots 13 and 14 in said block to Twenty-First street. The defendant, as lessee, conducts apartments known as "The Page Hotel" in the second story of the building through which the hallway connecting the opera house with the street extends. The main or front entrance to defendant's hotel is by a stairway leading from the hallway to the upper floor of the building. The lower entrance to this stairway, which is near the entrance from the hallway to the opera house, is closed by a door. Plaintiff has provided the hallway with a number of lights and uses the inside of its walls for pictures and other decorative devices advertising his theater. One of the lights placed by plaintiff in this hallway is just over the door to the entrance of the stairway leading up to defendant's hotel. The defendant, without plaintiff's consent, placed a white globe around this light, on which there is printed or painted the words "Hotel Entrance." Plaintiff's suit seeks to enjoin defendant "from maintaining said globe and printed or painted sign advertising said hotel busines, and ordering, requir-

ing, and directing defendant to remove the same, and from in any manner interfering with the electric fixtures and lights of plaintiff, and from placing upon the outer or inner walls of said Twenty-First street entrance, or within the confines thereof, any sign or other advertisement advertising the business conducted in the second story of said building."

On the trial in the court below the jury impaneled to try the issues of fact in the case were instructed by the court to find a verdict for the plaintiff, and, upon return of such verdict, judgment was rendered, granting the injunction asked by plaintiff.

There is no material conflict in the testimony. Both parties are lessees of J. E. Pearce. When the lease for the opera house, which is for a term of ten years from January, 1923, was made by Pearce to plaintiff, there was no entrance to the opera house from Twenty-First street, but Pearce obligated himself by the terms of the lease to "put in an entrance from Twenty-First street. This entrance is to be approximately fifteen feet (15 feet) wide, excepting a staircase leading to the second floor." The building through which this entrance way had to be constructed was held by Richard Ivey, as owner, and J. L. Tippen, as lessee, and in carrying out his agreement for the construction of the entrance way, Pearce, Ivey, Tippen, and plaintiff, Martini, executed the following agreement:

"I. Richard Ivey has leased to J. E. Pearce for a ten-year period, ending December 31, 1932, the south fifteen feet (15 feet) 11 inches of the north half of lots Nos. thirteen (13) and fourteen (14) in block No. five hundred (500) and also the second story of the two-story building occupying a portion of the north half of said lots, to which written leases reference is made.

"II. J. E. Pearce has subleased to A. Martini said south fifteen feet (15 feet), reserving the right to maintain the stairway leading to the second floor, which stairway is now located on said fifteen (15) feet so leased from Richard Ivey.

"III. J. L. Tippen is now occupying, under a lease from Richard Ivey, the ground floor room immediately north of the 15-foot space referred to above.

"IV. The parties hereto, for value received, have agreed that the stairway now leading to the second floor of the above-mentioned two-story building is to be taken down and another one constructed in the southeast corner of the premises under lease to J. L. Tippen, which new stairway when constructed is to remain until the expiration of the ten-year leases J. E. Pearce holds from Richard Ivey. It is understood that neither J. L. Tippen nor Richard Ivey shall be put to any cost or expense in connection with the erection of this stairway. The stairway is to be erected pursuant to and in keeping with plans and specifications prepared by L. C. Evans & Co., architects, a copy of which plans and specifications is in the possession of Richard Ivey.

"V. A. Martini agrees that the entrance to the arcade or passageway on Twenty-First street will be kept unlocked or open during the term of his lease, to the end that all persons desiring to use said new stairway will have access thereto from the street at all times."

Thereafter, in January, 1925, Pearce leased the second story of the building described in the preceding agreement to the defendant for a term of five years. This lease describes the property and appurtenances covered thereby as follows:

"The entire second floor of the two-story brick building situated on the north halves of lots Nos. thirteen and fourteen (N.½ of lots Nos. 13 and 14) in block No. five hundred (500).

"The party of the second part and her tenants and servants shall have the right of ingress and egress at all times through the entrance of the Martini Theatre to said second floor and also the right to enter said second floor through the yard in the rear of said building."

Under appropriate propositions and assignments appellant assails the judgment on the grounds, in substance: (1) That as lessee of the building for hotel or rooming house purposes she has the exclusive right, there being no provision to the contrary in her lease, to the use of the outside walls of that portion of the building covered by the lease for advertising her business, and for this purpose had the right to maintain on these walls such sign and lights as may be reasonably necessary to indicate and illuminate the entrance to her premises for the benefit and convenience of persons who may desire to patronize her hotel; and (2) the maintenance by a lessee of such signs or lights as are properly appurtenant and necessary to the use of the entrance to the premises leased is a right incident to and included in the right of ingress and egress through such entrance. We agree with appellant in both of these propositions.

In an able and exhaustive brief filed by counsel for appellant many authorities are cited in support of each of these propositions, but we shall only burden this opinion with the citation of a few of these authorities:

In R. C. L. par. 226, pp. 733, 734, the general rule as to the right of the lessee of a building to its outside walls for advertising purposes is thus stated:

"It is a well-recognized rule that, in the absence of express provision to the contrary, a lease of a building or a part thereof for business purpose, including the outside walls, gives the lessee the exclusive right to the use of the outside walls of that portion of the building covered by his lease for advertising purposes."

A similar provision is found in C. J. p. 29, par. 631–E:

"In the absence of an exception or reservation or provision in the lease evidencing a contrary intention, the lease of a building passes

the outside walls, and likewise the lease of a portion of a building bounded in part by an outside wall carries with it both sides thereof. In the absence of an express provision, the lease does not give the tenant the right to use any other portion of the walls of the building than the walls of his own premises, especially where such use is detrimental to the rights of other tenants, and in violation of the terms of the lease."

And in the same volume, pp. 86–87, par. 713(4):

"The lessee of a building may place advertising signs upon its outside walls in the absence of a restrictive provision in the lease, and where he occasions no injury to the freehold. * * *"

These statements of the rule are supported by authorities too numerous to mention. We do not understand appellee's counsel to question this general statement of the rule. His counterproposition is:

"The lease of an entire floor of a building for business purposes carries with it the appurtenant right to exclude signs, advertising the business of persons other than the tenant, from those parts of the walls which form an inclosure of the floor, and the right of ingress and egress by appellant through and by appellee's premises and the stairway of an adjacent building did not confer upon appellant the right to place signs at the doorway in the lobby of the theater, or attach signs to the walls inclosing appellee's premises or maintain thereon a light or lights over the objection of appellee."

[1] This counterproposition wholly ignores the agreement between appellee, Pearce, and the owner, and lessee of the building under which the entrance hallway leading to the opera house was constructed, and appellee acquired his rights therein. By this agreement appellee consented to the removal of the stairway leading to the upper floor of the building, which at that time extended up from an entrance on Twenty-First street and utilized several feet of space in the proposed hallway, and to the placing of the stairway in the rear of the building extending up from an entrance in the proposed hallway. The removal of the stairway changed the main or front entrance to the upper floor of the building from the street outside the building to appellee's hallway, and appellee not only expressly consented to this change, but expressly agreed that his hallway would be "kept unlocked or open during the term of his lease, to the end that all persons desiring to use said new stairway will have access thereto from the street at all times." There could not be a clearer recognition by appellee of the right of the owner or lessee of the upper floor of the building in this stairway and its entrance in appellee's hallway. Appellant, as lessee of the upper floor of the building acquired by her lease the same legal right in the stairway and its

entrance in appellee's hallway that she would have acquired in such stairway had its entrance remained on the street. Appellant leased the entire upper floor of the building, and the stairway giving entrance to this floor was essential and necessary to the use and enjoyment of the leased premises and an appurtenant portion thereof which passed to appellee with the lease of the upper story of the building. 36 J. C. p. 30, par. 632. The right to this stairway and its entrance in the hallway below were as much a part of the estate conveyed by the lease as the rooms and hallway in the second story of the building. Shaft v. Carey, 107 Wis. 273, 83 N. W. 288.

If the entrance to the stairway had remained on the street, appellant's right under her lease to place a light and advertising sign on or over the doorway of such entrance could not be doubted, and the only modification of this right caused by the removal of the entrance to the inside of appellee's hallway is that it may not be exercised in such manner as to unreasonably interfere with appellee's use and enjoyment of the hallway.

[2] The use of an electric globe, or other fixture or device, over or on the door to this entrance, which merely indicates the kind of business conducted by the appellant on the second floor, cannot be held an unreasonable interference with appellee's use and enjoyment of the hallway. The cases cited and relied on by appellee to sustain his contention that he has the right to exclude signs of all kinds from this hallway, advertising other business than his own, all present a different state of facts from those in this case. If appellant was claiming the right to place advertising signs on any part of the inside walls of this hallway other than that portion which constitutes the outside wall of the entrance to her portion of the building, appellee's contention should prevail, and is supported by his authorities; but we think appellant's exclusive right to the use for advertising purposes of the outer wall of the entrance to her hotel is just as clear and well settled as is the right of appellee to the exclusive use for advertising purposes of the other portions of the inside walls of the hallway.

[3] Other grounds of complaint presented in appellant's brief need not be discussed or passed upon. Our conclusions above stated require a reversal of the judgment, and judgment might here be rendered for appellant, but for the fact that it is not clear from the evidence whether or not the globe placed around the light placed over the door by appellant renders the light less suitable and effective in illuminating appellee's hallway. Appellee had the right to place a light on this wall for the purpose of lighting his hallway, and appellant, in exercising her right to an advertising sign on or over her

doorway, must, in so doing, have due regard to the right of appellee to place lights in the hallway, and refrain from any unnecessary interference with such light.

For the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.