**Leticia MONTELONGO and Juan Montelongo, Appellants,**

v.

**Louis GOODALL, Appellee.**

**No. 3–89–127–CV.**

Court of Appeals of Texas, Austin.

May 2, 1990.

David J. Nagle, Austin, for appellants.

Peter E. Ferraro, Aaron L. Jackson, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant Leticia Montelongo and husband, Juan, sued appellee Louis Goodall for personal injuries. The Travis County district court rendered a take-nothing judgment upon appellee's motion for directed verdict. This Court will affirm the judgment.

Appellant and her husband rented a trailer house from Goodall in May 1987. The trailer house had four steps leading up to its front door. There was no handrail for the steps. On June 26, 1987, as appellant came out of the trailer and closed its front door, she slipped on the steps and broke her ankle.

Appellant alleged that her injury was caused by "the negligence of [Goodall] and the premises defect in the steps...." She asserted that the defect created an unreasonable risk of harm; moreover, she pleaded that Goodall had a duty to warn her of the dangerous and defective condition and that he failed to do so.

By her first point of error, appellant claims that the district court erred in rendering a take-nothing judgment upon motion for directed verdict. Goodall responds generally that, under the facts, he did not owe appellant a duty to exercise ordinary care.

When a landlord transfers possession or control of the premises to a tenant, he owes no duty to the tenant to exercise ordinary care, *Prestwood v. Taylor*, 728 S.W.2d 455, 460 (Tex.App.1987, writ ref'd n.r.e.), unless he fails to disclose hidden defects of which he has knowledge. *Morton v. Burton–Lingo Co.*, 136 Tex. 263, 150

S.W.2d 239, 240 (1941). If the landlord retains control over a part of the premises which the tenant is entitled to use, then the landlord owes a duty to exercise ordinary care. *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 515 (Tex.1978); *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 303 (Tex.1963). If the landlord agrees to repair the leased property, he owes a duty to exercise ordinary care. *Morton*, 150 S.W.2d at 240; *see also Harvey v. Seale*, 362 S.W.2d 310, 312 (Tex.1962). Because the duty arises out of the existence of the contract to repair, the contract defines the extent of the duty. Unless the contract provides that the landlord shall inspect the land to ascertain the need of repairs, a contract to keep the premises in safe condition subjects the landlord to liability only if he does not exercise reasonable care after he has notice of the need of repairs. Restatement (Second) Torts § 357, Comment 4(d) (1965).

■ In reviewing a judgment rendered upon motion for directed verdict, the court accepts the evidence and the inferences therefrom in the aspect most favorable to the non-movant's case and rejects contrary evidence and inferences. *Triangle Motors v. Richmond*, 152 Tex. 354, 258 S.W.2d 60, 61 (1953). Accepting the evidence and its inferences most favorable to appellant and rejecting the contrary evidence and inferences, the evidence shows that appellant never indicated to Goodall or anyone that the steps were dangerous; that Goodall never advised appellant of any problem with the steps; that the plastic coverings on the steps were not attached; and that the steps were not anchored. Appellant testified about her fall, stating that the plastic covering probably caused her fall and that she would not have fallen had there been a handrail.

Both appellant and Goodall testified as to their oral lease agreement. Goodall stated that they had a tenancy-at-will; that appellant was responsible for electricity, water and upkeep of the lawn; and that the parties agreed that Goodall was responsible for "major repairs when [appellant] notified [him that she] had a problem." Once

Goodall rented the trailer house, he did not go onto the premises unless he had an appointment with the tenant. Appellant testified that they had no express agreement as to repairs but that she understood that Goodall would repair anything she informed him to be a problem.

As to repairs, the evidence showed that upon appellant's request Goodall repaired the refrigerator and also did some work on the floor. Appellant admitted that she never complained of any problem with or defect in the stairs before she fell.

Applying the law to the facts, this Court concludes that Goodall and appellant, of course, occupied the status of landlord and tenant. Their relationship was governed by an oral contract. If the condition of the steps may be considered a defect, there was no proof that such condition was hidden or that Goodall knew of such condition. *Morton*, 150 S.W.2d at 240. In fact, Goodall did not know of any claimed defect in the steps until after appellant's fall. Further, there was no proof that Goodall retained any right of control over the steps to the house trailer. *Parker*, 565 S.W.2d at 515.

There was, however, some evidence respecting Goodall's agreement to repair the house trailer. Goodall, as landlord, agreed to make "major repairs when [appellant] notified [him that she] had a problem." Appellant understood the agreement to be that Goodall would repair anything that she informed him to be a problem. In fact, Goodall repaired the refrigerator and the trailer house floor upon appellant's request. Appellant, admitted, however, that she never notified Goodall of any problem with the stairs to the house trailer.

Under the parties' oral lease agreement, Goodall had the duty to respond and make repairs to the trailer house when appellant notified him of a problem. Otherwise, Goodall did not enter onto the trailer house premises. Goodall, of course, did nothing about the steps. Under their agreement, Goodall's duty arose only when he obtained knowledge of a condition that needed repair or change. It is undisputed that appellant never notified Goodall of any problem

with the trailer house steps and, moreover, that he did not gain knowledge of the problem from any other source. The first point of error is overruled.

 By her second point of error, appellant contends that the district court erred in excluding the proffered testimony of James Clardy, who would have testified concerning the "unsafe structure" of the steps. Appellant fails to assert any legal basis for her claim that such exclusion was erroneous. After reviewing the argument of counsel, and the record, this Court has concluded that the district court did not err in excluding Clardy's testimony both as to whether the steps were safe in accordance with City of Austin standards and his "expert" testimony about whether such steps were safe, independent of those standards.

Clardy stated that he would testify about the Uniform Building Code and that the City of Austin had adopted these provisions in June of 1988. Goodall's counsel timely objected that Clardy's proffered proof concerning the Building Code was irrelevant, because those standards were not adopted until one year *after* appellant was injured. Moreover, Clardy testified on voir dire that City of Austin standards applied to steps being constructed, modified or repaired and not to steps already in place; that he did not know what the code mandated when these particular steps were affixed to the trailer house; that the standards only apply to steps that are installed after the trailer house is purchased; and that he did not know whether the steps in question came with the trailer house or were attached later. Because there is no proof that the City of Austin Code applied to the steps, the district court properly excluded the offer as irrelevant. Tex.R.Civ.Evid. Ann. 401 and 402 (Pamph.1990).

 The district court excluded Clardy's testimony as to whether the steps were safe on the basis that appellant had qualified him only as an expert on City of Austin standards. The district court's ruling was proper. Tex.R.Civ.P.Ann. 166b(2)(e)(1) and 215(5) (Supp.1990); *see Greenstein v. Burgess Marketing*, 744 S.W.2d 170, 177–

78 (Tex.App.1987, writ denied). Appellant's second point of error is overruled.

The judgment is affirmed.