Tillman v. Boel 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-296-CV





DONALD TILLMAN, INDIVIDUALLY AND AS NEXT FRIEND OF


SETH TILLMAN, A MINOR,



 APPELLANT


vs.





LUCY BOEL,



 APPELLEE





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-00904-A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 






 Donald Tillman, individually and as next friend of Seth Tillman, a minor, appeals
an order granting summary judgment in favor of Lucy Boel, one of two defendants below. In its
order the trial court severed the claims against Boel and assigned them a new cause number,
thereby rendering the order final and appealable. On appeal, Tillman asserts that the trial court
erred by: (1) incorrectly sustaining Boel's objection to the form of evidence attached to Tillman's
motion for summary judgment; (2) overruling Tillman's motion for new trial thereby depriving
him of an opportunity to cure any alleged defects in the form of the evidence; and (3) granting
Boel's motion for summary judgment. We will reverse the judgment of the trial court.



 BACKGROUND


 Lucy Boel, defendant below, was the owner and part-time resident of the house at
3401 Socorro Trail in Austin, Texas. Kate Field, the owner of a Rottweiler-German Shepherd
mixed-breed dog, also lived at the house. Donald Tillman alleges that on November 12, 1990,
the dog escaped from the yard and attacked Seth Tillman, an eleven-year-old boy living in the
neighborhood. Tillman alleges that while Seth was playing basketball in a nearby driveway, the
dog attacked the boy, bit his lower left leg, and dragged him down the driveway. According to
Tillman's third amended petition, the attack caused permanent injury and physical impairment as
well as past and future pain, mental anguish, and medical expenses.

 On January 14, 1993, defendant Boel filed a motion for summary judgment to
which Tillman responded on February 9th. A hearing on the motion was held on February 16th,
at which time the trial court sustained Boel's objection to portions of the summary judgment
evidence attached to Tillman's response. As a result, the court did not consider co-defendant Kate
Field's answers to interrogatories indicating that Boel was aware of the size and breed of Field's
dog, that Boel was one of the parties responsible for maintaining the fence around the back yard
of the property, and that Field had orally notified and discussed with Boel the condition of the
fence. The trial court denied Tillman's motion for reconsideration and for leave to take Kate
Field's deposition to cure the alleged defect in the summary judgment evidence; it granted
defendant Boel's motion for summary judgment on March 8, 1993. Tillman then filed a motion
for new trial and for reconsideration of his request to replace Field's answers to interrogatories
with deposition testimony. The trial court denied this motion on May 20, 1993. 



 DISCUSSION


 We are reviewing the trial court's order granting Boel's motion for summary
judgment. When the defendant is the moving party, summary judgment is proper only if she
demonstrates that the plaintiff cannot, as a matter of law, succeed on any theory pleaded. Peirce
v. Sheldon Petroleum Co., 589 S.W.2d 849, 852 (Tex. Civ. App.--Amarillo 1979, no writ). In
his third amended petition, Tillman pleaded four alternative theories of recovery: (1) that Boel
was negligent in "failing to properly maintain a confinement" capable of restraining the dog; (2)
that it was negligence per se for Boel to own, harbor, or keep a vicious dog in violation of
statutes, ordinances, and restrictions; (1) (3) that Boel is strictly liable for injuries caused by a
vicious animal that she kept on her property; and (4) that Kate Field, the dog's owner, was Boel's
agent, and Boel is therefore estopped from denying any vicarious liability for damages caused by
the dog. If genuine issues of material fact exist as to all elements of any one of these causes of
action, we must reverse the order granting summary judgment in favor of the defendant. Id.

 In her motion for summary judgment, Boel argues that she is not liable for Seth
Tillman's injuries as a matter of law. Boel's motion states:



[p]laintiff's allegations fail to state a cognizable cause of action against Defendant
Boel, because as a matter of law Defendant owed no legal duty to Plaintiffs in
connection with the incident made the basis of this suit. Defendant had no duty to
guard against what occurred, nor can Defendant's status as premises owner subject
her to liability for a bite inflicted by a tenant's dog. 


* * * *


Ms. Boel's only connection with this case is that she owned and occassionally [sic]
lived at the house where Ms. Field kept the dog. The uncontroverted evidence is
that while Ms. Boel periodically resided at 3401 Socorro Trail, she spent six to
eight months of each year out of the country. Ms. Boel had been out of the
country for several months immediately prior to the accident, was still out of the
country when the accident occurred, and did not arrive back in the country until
sometime after the accident in question. Moreover, Ms. Boel had no knowledge
whatsoever of any alleged vicious propensity of Kate Field's dog.



If Boel owes no duty to Seth Tillman, then Tillman's negligence claims must fail. However, if
there is a genuine issue of material fact as to whether Boel owed Seth Tillman a duty, and Boel
fails to conclusively prove in her summary judgment motion that she acted in accordance with that
duty, then she has failed to show as a matter of law that Tillman cannot prevail on his negligence
claim, and summary judgment is improper. 

 In his third and fourth points of error, Tillman asserts that the trial court erred in
granting Boel's motion for summary judgment because there are genuine issues of material fact
as to whether Boel had a duty of care with respect to the condition of the premises and whether
she breached that duty by letting the fence fall into a state of disrepair when she had reason to
know that this created a risk that a vicious dog would escape and injure someone. We agree.

 In her affidavit attached to her motion for summary judgment, Boel states that she
has owned the house at 3401 Socorro Trail since 1987, and that in 1990 she leased a room in that
house to Kate Field. Boel's affidavit states that Kate Field was a tenant or boarder. It is Boel's
position that by conclusively proving that her relationship to Field is that of a landlord to her
tenant, she has demonstrated that she has no duty to control that tenant's dog. However, even if
Boel's affidavit conclusively establishes a landlord-tenant relationship, she may still be liable for
harm caused if the dog escaped from her yard because the fence was not in a condition sufficient
to confine the dog. If a landlord retains control over a part of the premises which the tenant is
entitled to use, then the landlord owes a duty to exercise ordinary care. Parker v. Highland Park,
Inc., 565 S.W.2d 512, 515 (Tex. 1978); Montelongo v. Goodall, 788 S.W.2d 717 (Tex.
App.--Austin 1990, no writ). A landlord's duty also extends to those people outside of the
premises who may be injured as a result of a dangerous condition on the land. See Restatement
(Second) of Torts § 365 (1965) (stating that a possessor of land is subject to liability to others
outside of the land for physical harm caused by the disrepair of a structure or other artificial
condition thereon if the exercise of reasonable care by the possessor would have disclosed the
disrepair and the unreasonable risk involved and would have made it reasonably safe by repair or
otherwise). The obligation is one of reasonable care only, and the lessor is not liable where she
could not have anticipated injury to anyone. Boel's affidavit does not conclusively prove that she
had no control over the house and yard areas; it merely states that she rented a "room in the
house" to Field. Thus, because Boel's affidavit does not conclusively prove that she had no
responsibility for the condition of the fence, she has not met her burden of proving that she had
no duty to Seth Tillman as a matter of law.

 Boel also asserts that she did not breach any duty of care because she had no notice
that the dog was vicious or that he presented any danger to Seth Tillman or others in the vicinity. 
Boel argues that if she has no knowledge of either the vicious propensities of the dog, or that the
fence was inadequate to restrain the dog from going into the street, she is entitled to summary
judgment on the negligence claims. However, we conclude that the existence of fact issues on
both these subjects precludes summary judgment in Boel's favor. 

 In her affidavit, Boel states that she did not know that the dog was dangerous in
any way. In his response to Boel's motion for summary judgment, Donald Tillman attached his
own affidavit stating that he lived in the neighborhood and had noticed the dog following him. 
He stated that on one occasion he had gone to 3401 Socorro Trail to notify the owners that the dog
was loose. According to Tillman's affidavit, when he arrived at the door of the house, the dog
"growled softly" and clamped his jaws around Tillman's right ankle. When the dog let go,
Tillman rang the doorbell and "told the people there that the dog was loose and had bit at [his]
leg. The dog was let into the house and nothing much else was said." Also attached to Tillman's
motion for summary judgment was David Nelson's affidavit which states:



I live in the neighborhood in which the dog attacked Seth Tillman. Before that
attack, one morning my wife Mary Ellen Nelson, and our neighbors Dick and
Connie Nelson where [sic] walking through the neighborhood . . . . As they were
walking in the street by the fence at 3401 Socorro Trail, the dog in the back yard,
which is the same dog which attacked Seth, began to growl and bark viciously and
attacked the fence. This incident frightened my wife terribly.


After the dog scared my wife, I went to 3401 Socorro Trail, knocked on the door,
and spoke to the people at the house. I notified them that this dog was charging
at the fence and breaking boards in an attempt to get out, and that my wife, myself,
and others in the neighborhood were in fear of our safety because of the
viciousness of the dog. I told them that I was afraid the fence would not continue
to contain the dog and that the dog was breaking the boards on the fence. The
person I spoke with assured me that they would take care of the fence and control
the dog.


A few days later, as I passed by the property, the dog had broken through the
fence in additional places.



Though neither Donald Tillman's nor David Nelson's affidavit states that they spoke to Boel, they
do say that they notified "people" in the house of both the dog's behavior and the condition of the
fence. Boel's affidavit does not conclusively negate the possibility that she was one of the people
notified. Her affidavit merely states that "at the time [she] last occupied the premises before the
accident in question there was no defect or problem anywhere on the premises that could have
contributed to the accident in any way." Boel gives no indication of when she was last on the
premises other than to say that she had been out of the country for several months before the
incident occurred. Boel also stated in her affidavit that she routinely spends four to six months
of the year away from home, leaving six to eight months when she could have been residing at
3401 Socorro Trail. Boel's summary judgment evidence fails to conclusively prove that she had
no knowledge of the potentially dangerous condition existing at 3401 Socorro Trail. Summary
judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the
plaintiff could not succeed upon any theories pleaded. American Medical Elecs., Inc. v. Korn,
819 S.W.2d 573 (Tex. App.--Dallas 1991, writ denied). The existence of fact issues concerning
Boel's duty to maintain the fence in such a manner as to protect the neighborhood from the dog
kept on her property precludes summary judgment in her favor on Tillman's negligence claims. 
Accordingly, we sustain appellant's third and fourth points of error and reverse the trial-court
order granting defendant's motion for summary judgment. Having done so, we do not address
points of error five through seven which assert additional grounds for reversing the trial-court
order.

 In his first point of error, appellant asserts that the trial court erred in sustaining
Boel's objection to Kate Field's answers to interrogatories which were attached to Tillman's
response to Boel's motion for summary judgment. At the hearing on the motion for summary
judgment, Boel objected that answers to interrogatories can only be used against the particular
party that gave the answer. In his second point of error, appellant states that the trial court erred
by denying his motion for new trial because it deprived him of his opportunity to cure any alleged
defect in the form of the evidence. Because our ruling on either of these points of error would
have no effect on our disposition of this appeal, we do not address them.



CONCLUSION


 We conclude that there are fact issues regarding Boel's knowledge of the nature of
Kate Field's dog and the condition of the fence, and that Boel has not conclusively proven that she
has no duty with respect to the dangerous condition on the premises. Boel has therefore failed
to show that Tillman cannot, as a matter of law, prevail on any of the theories alleged in his
petition. Consequently, we reverse the trial-court order granting Boel's motion for summary
judgment and remand this cause for trial.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded

Filed: January 12, 1994

Do Not Publish

1. Tillman's petition does not specify which statutes, ordinances, and restrictions form
the basis of this allegation.