**Keren STEIN, Appellant,**

v.

**Surinder GILL, Appellee.**

No. 2–94–186–CV.

Court of Appeals of Texas,
Fort Worth.

March 23, 1995.

Rehearing Overruled April 27, 1995.

Lonnie Max Obeidin, Fort Worth, for appellant.

The Barbknecht Firm, P.C., and Michael W. Minton, Dallas, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAY, Justice.

Keren Stein appeals from a take-nothing summary judgment in a slip and fall case against her landlord, Surinder Gill. We affirm.

Gill owned a duplex consisting of one upstairs and one downstairs apartment. Stein rented the downstairs apartment from Gill. The downstairs apartment included a sliding glass door and a deck in the back. Furthermore, two concrete steps went from the deck onto a sidewalk and the common yard. Stein slipped on these concrete steps and broke her leg. She then sued Gill for failure to maintain the steps, failure to provide handrails, and failure to provide a non-slip surface. Gill moved for summary judgment claiming that the steps were not a common area, but instead were part of the premises leased to Stein for her exclusive use, and thus, he owed no duty to Stein. The trial court granted Gill's summary judgment motion.

In Stein's only point of error, she asserts the trial court erred by granting Gill's motion for summary judgment and finding that no duty existed between Gill and herself. We disagree.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against the movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.*

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

■ Here, a dispute existed over whether Gill breached a duty he owed to Stein. Generally, a landlord who retains control over a part of the premises that the tenant is entitled to use owes a duty to exercise ordinary care. *Montelongo v. Goodall,* 788 S.W.2d 717, 719 (Tex.App.—Austin 1990, no writ). If, however, a landlord transfers possession and control of the premises to a tenant, he owes no duty to the tenant to exercise ordinary care unless he fails to dis-

close hidden defects of which he had knowledge. *Id.* at 718. Here, the evidence clearly showed the steps were a means of access only to Stein's deck and apartment. No other person would have use for the steps other than Stein or Stein's visitors. Because the steps were a means of access only to Stein's apartment and deck, it does not constitute a common area, but instead constitutes part of the leased property that Gill conveyed exclusively to Stein under the apartment lease. *See Page v. Martini,* 293 S.W. 253, 255 (Tex.Civ.App.—Galveston 1927, writ dism'd w.o.j.). Gill thus owed no duty to Stein unless he failed to disclose a hidden defect with the steps. Stein never alleged this and the evidence clearly shows that no hidden defect existed with the steps. Therefore, Gill met his burden of proof, and the trial court properly granted summary judgment. We overrule point of error one.

Because of our holding in point of error one, we will not address Gill's crosspoint. We affirm the trial court's judgment.