TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00813-CV







Deana Laird, Appellant



v.



Lone Star Properties, Inc. d/b/a Country Place Apartments, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 173,115-C, HONORABLE OLIVER KELLEY, JUDGE PRESIDING







 Deana Laird appeals from a take-nothing summary judgment in a slip-and-fall case
against her landlord, Lone Star Properties, Inc. d/b/a Country Place Apartments ("Country
Place"). Laird argues that Country Place had a duty to remove ice from the apartment complex
stairs and that genuine issues of material fact exist to preclude the granting of summary judgment
in its favor. We reverse and remand.

 Laird rented a second-floor apartment from Country Place in August 1996. On the
morning of January 15, 1997, as Laird descended the stairs from her apartment to go to work, she
fell on ice that had accumulated on the stairs over several days and fractured her hip. Laird sued
Country Place for negligence.

 In an amended petition Laird alleged that her injury was caused by Country Place's
"breach of the duty of ordinary care" that it owed to her. She asserted that Country Place knew
or, in the exercise of ordinary care, should have known that ice had accumulated on the stairs and
that it created an unreasonably dangerous risk to anyone who might use the stairs. Laird alleged
that Country Place had a duty to reduce or eliminate the risk posed by the ice and that its failure
to exercise reasonable care and ameliorate the condition was the proximate cause of her injury.

 Country Place moved for summary judgment on the grounds that (1) because any
hazard was open and obvious and Laird was aware of the icy conditions, Country Place had no
duty to protect her from the ice, and (2) the lease contained a clause excluding liability as a result
of conditions related to ice, sleet, or snow. Country Place urged that summary judgment was
appropriate because no genuine issues of material fact existed. In her response, Laird argued that
Country Place violated its duty to take reasonable steps to make the stairwell, which was Laird's
only means of leaving her apartment, safe. 

 For purposes of the summary judgment motion, the parties agree that (1) the stairs
were a common area and Laird's exclusive means of ingress and egress and (2) the ice had been
present on the stairs for at least two to three days. Through its apartment manager, Country Place
acknowledged that it was aware of the accumulation of ice on the stairs and had declined to
remove it. In her deposition, Laird too acknowledged that she was aware of the ice on the
stairwell. The district court granted Country Place's motion. 


Standard of Review

 As the movant, the burden was on Country Place to show the absence of a genuine
issue of material fact and that it was entitled to judgment as a matter of law. See Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed
material fact issue precluding summary judgement, evidence favorable to the nonmovant will be
taken as true. See Nixon, 690 S.W.2d at 548-49. Every reasonable inference must be indulged
in favor of the nonmovant and any doubts resolved in her favor. See id. at 549. Summary
judgment is proper if the defendant conclusively negates at least one element of the plaintiff's
claim or conclusively establishes all elements of an affirmative defense to the claim. See id. 

 Our first inquiry is whether Country Place discharged its summary judgment burden
to prove, as a matter of law, that it owed no duty to Laird.


A Landlord's Duty to the Tenant

 The existence of a duty, under a given set of facts, is a question of law for the court
to decide. See Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 1998); Walker v. Harris, 924
S.W.2d 375, 376 (Tex. 1996). Absent the existence of a duty to the complaining party, summary
judgment is proper. See Lefmark Management Co. v. Old, 946 S.W.2d 52, 53-55 (Tex. 1997). 
Laird urges that Country Place had a duty to take reasonable steps to make its ice-covered stairs
safe even though the unsafe condition was "open and obvious" to her. Relying upon Brownsville
Navigation Dist. v. Izaguirre, 829 S.W.2d 159 (Tex. 1992), Country Place responds that if the
danger was open and obvious and, further, Laird had knowledge of the danger, it owed her no
duty.

 Generally, a landlord has no duty to tenants for unsafe conditions on leased
premises. See Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996). Texas courts have recognized several exceptions to this rule. One exception to the general
rule is that when a landlord retains control over a part of the premises the tenant is entitled to use,
the landlord owes a duty to exercise reasonable care to protect the tenant from injuries caused by
an unsafe condition. See, e.g., Allen v. Rogers, 977 S.W.2d 733, 736 (Tex. App.--Fort Worth
1998, pet. denied); Stein v. Gill, 895 S.W.2d 501, 502 (Tex. App.--Fort Worth 1995, no writ);
Montelongo v. Goodall, 788 S.W.2d 717, 719 (Tex. App.--Austin 1990, no writ). In deciding the
duty owed by a landlord to a tenant, the Texas Supreme Court in Parker v. Highland Park, Inc.,
565 S.W.2d 512 (Tex. 1978), adopted the standard set forth in the Restatement (Second) of Torts:


A possessor of land who leases a part thereof and retains in his own control any
other part which is necessary to the safe use of the leased part, is subject to
liability to his lessee . . . for physical harm caused by a dangerous condition upon
that part of the land retained in the lessor's control, if the lessor by the exercise of
reasonable care 


 (a) could have discovered the condition and the risk involved, and

 (b) could have made the condition safe. (1) 



The Comments to the section conclude that the rule applies even if the lessee has knowledge of
the dangerous condition. (2) The court held that the duty owed by a landlord to its tenant is to use
reasonable care to protect the tenant from injuries caused by an unsafe condition on the portion
of the premises still under the landlord's control. See Parker, 565 S.W.2d at 514-15. The court
further concluded that the reasonableness of the plaintiff's conduct would be determined under the
principles of contributory negligence. See id. at 517.

 Country Place argues that Izaguirre controls the disposition of this case and that
a lessor is not liable for conditions on the lessor's land. We are not persuaded that Izaguirre alters
the test formulated in Parker and the Restatement. Moreover, we disagree with appellee's
application of Izaguirre to the facts in this case. In Izaguirre, the supreme court addressed the
liability of a lessor who retained no control over the leased premises. Izaguirre's employer leased
unimproved land from the Brownsville Navigation District. See Izaguirre, 829 S.W.2d at 160. 
The employer built a warehouse on the property. See id. When the ground beneath a trailer
Izaguirre was loading became soft and muddy after a rain, a board supporting the trailer broke. 
See id. Izaguirre was killed when the trailer shifted and fell to one side, crushing him. See id. 
The plaintiff urged that the District, as lessor, had a duty to warn the employer of a dangerous
condition, namely, that the leased ground became soft and muddy when wet. Applying the
Restatement of Torts, the supreme court concluded that a lessor of land is not liable to his lessee
or to others on the land for injury caused by a dangerous condition that existed when the lessee
took possession. (3) Izaguirre does not stand for the proposition that where an invitee is aware or
should be aware of the risk involved in a condition, the owner is never liable as a matter of law.

 The summary judgment evidence establishes that Country Place maintained control
over the common areas, which included Laird's stairwell. In addition, the stairwell was Laird's
sole means of ingress and egress from the apartment. The condition of the stairwell was well
known to Laird--as well as to the apartment manager--and had prevented Laird from going to work
the previous day. When the unsafe area is the tenant's only access to her apartment, the tenant's
knowledge of the condition does not excuse the landlord from exercising reasonable care. See
Parker, 565 S.W.2d at 517. We conclude that the uncontroverted facts support the imposition
of a duty and that Country Place owed Laird a duty of reasonable care for unsafe conditions in
a common area that does not dissipate when the condition is known to her. See Osti v. Saylors,
991 S.W.2d 322, 327 (Tex. App.--Houston [1st Dist.] 1999, pet. denied).

 Because the lease agreement contained an exclusion for liability due to ice, snow,
and sleet, (4) Country Place further urges that it does not owe a duty to Laird. We disagree. 
Although the language of the lease seeks to limit liability due to snow and ice, there is a fact issue
as to whether the injury was "caused by [its] negligence." The exclusion, by its own language,
does not extinguish the obligation of the landlord to act reasonably in light of the condition and
the burden of reducing or avoiding the risk. 

 We must now decide whether Country Place met its summary judgment burden to
show that it is entitled to judgment as a matter of law as to the alleged breach of duty. If the
landowner owed a duty of care to Laird, she must then prove that: (1) the owner had actual or
constructive knowledge of some condition on the premises; (2) the condition posed an
unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate
the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. 
See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v. Safeway Stores, Inc., 648
S.W.2d 292, 296 (Tex. 1983). No summary judgment evidence was presented to indicate that
appellee met its duty to remedy the condition or otherwise exercise ordinary care. Because
appellee did not conclusively negate an element of Laird's cause of action, it was not entitled to
summary judgment. We find that genuine issues of material fact exist regarding the elements of
Laird's cause of action and conclude that Laird was entitled to have a jury decide whether Country
Place was negligent. Thus, we hold that appellee did not prove as a matter of law either the
absence of a duty or that it discharged its duty. 


CONCLUSION

 We hold that, under the facts of this case, appellee had a duty to exercise
reasonable care regarding an unsafe condition in a common area of which it had knowledge. 
Because genuine issues of material fact exist as to whether appellee breached its duty to exercise
reasonable care in light of all the circumstances, we conclude that summary judgment was
improvidently granted. Accordingly, because appellee's motion for summary judgment failed to
raise grounds that entitled it to judgment as a matter of law, we reverse the judgment and remand
this cause for further proceedings.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: June 15, 2000

Do Not Publish
1. 565 S.W.2d at 515 (quoting Restatement (Second) of Torts § 361 (1965)).
2. See Restatement (Second) of Torts § 361 cmt. a. 
3. See Izaguirre, 829 S.W.2d at 160 (quoting Restatement (Second) of Torts § 356 (1965)). 
4. The lease agreement provides in pertinent part: "Casualty Loss. We're not liable to any
resident, guest, or occupant for personal injury or damage or loss of personal property from fire,
smoke, rain, flood, water leaks, hail, ice, snow, lightning, wind, explosions, and interruption of
utilities, unless that injury or damage is caused by our negligence. We have no duty to remove
any ice, sleet, or snow but may remove any amount with or without notice." (Emphasis added.) 



e tenant's
knowledge of the condition does not excuse the landlord from exercising reasonable care. See
Parker, 565 S.W.2d at 517. We conclude that the uncontroverted facts support the imposition
of a duty and that Country Place owed Laird a duty of reasonable care for unsafe conditions in
a common area that does not dissipate when the condition is known to her. See Osti v. Saylors,
991 S.W.2d 322, 327 (Tex. App.--Houston [1st Dist.] 1999, pet. denied).

 Because the lease agreement contained an exclusion for liability due to ice, snow,
and sleet, (4) Country Place further urges that it does not owe a duty to Laird. We disagree. 
Although the language of the lease seeks to limit liability due to snow and ice, there is a fact issue
as to whether the injury was "caused by [its] negligence." The exclusion, by its own language,
does not extinguish the obligation of the landlord to act reasonably in light of the condition and
the burden of reducing or avoiding the risk. 

 We must now decide whether Country Place met its summary judgment burden to
show that it is entitled to judgment as a matter of law as to the alleged breach of duty. If the
landowner owed a duty of care to Laird, she must then prove that: (1) the owner had actual or
constructive knowledge of some condition on the premises; (2) the condition posed an
unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate
the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. 
See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v. Safeway Stores, Inc., 648
S.W.2d 292, 296 (Tex. 1983). No summary judgment evidence was presented to indicate that
appellee met its duty to remedy the condition or otherwise exercise ordinary care. Because
appellee did not conclusively negate an element of Laird's cause of action, it was not entitled to
summary