**WAL–MART STORES, INC.,** Appellant,

v.

**Bettye Jean SEALE,** Appellee.

**No. 04–94–00295–CV.**

Court of Appeals of Texas,
San Antonio.

May 10, 1995.

Rehearing Overruled Aug. 14, 1995.

Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for appellant.

Curtis L. Cukjati, Jeffrey A. Hiller, Martin & Cukjati, Partners of Cacheaux, Cavazos, Pat Maloney, Jr., Law Offices of Pat Maloney, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and
HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This appeal, growing out of a premises liability case, explores the use and limitations of OSHA standards, other accidents, and no and insufficient evidence points.

### Facts

Bettye Jean Seale was shopping at Wal–Mart when a box fell from a shelf and hit her on the head. She was injured. Ultimately, the jury awarded her $500,000 for her damages. Seale's theory of liability was that the shelves should have had a lip on them to keep them from falling off accidently, or when a customer on the other side of the aisle pushed them off while getting something on his side. Wal–Mart's defense was that either Seale had pulled the box off on herself or that the customer on the other side of the aisle was the sole cause of the mishap. The jury found Wal–Mart's negligence was the only cause of the accident.

At the time of the accident Seale was on one side of the aisle looking for a rug shampooer. On the other side of the aisle, another customer, Luz Gallegos, was shopping for a vacuum cleaner. The shelves on each side of the aisle were four to five feet above the head of the customers. In removing a vacuum cleaner, Gallegos stood on a lower shelf and moved a box out of the way which apparently caused a box to be pushed off on the other side, which fell on Seale.

### OSHA Standards

Wal–Mart's first point of error is that OSHA standards were admitted into evidence and they shouldn't have been. It is Wal–Mart's position that OSHA regulations

J. Preston Wrotenbery, Tina Snelling, Hirsch, Robinson, Sheiness & Glover, P.C., Houston, Gerald R. Zwernemann, Thorton,

apply solely to employers and employees, and they have no function at all in a premises liability case involving a customer. Wal–Mart, however, never objected to the admission of the OSHA evidence, and raises it for the first time on appeal. In our opinion, the objection comes too late and is therefore waived. Tex.R.Civ.Evid. 103(a) and Tex. R.App.P. 52(a). We also think it is within the court's discretion to admit OSHA standards, even in cases that do not involve employer-employee relationships. Both grounds for overruling this point of error will be discussed.

### Admissibility of OSHA Standards

■ As one court said:

Employees are the exclusive class of persons protected by OSHA regulations. Nevertheless OSHA regulations are admissible into evidence as being relevant to the standards of conduct which should have been employed by a defendant.

... where the statute does set up standard precautions, although only for the protection of a different class of persons, or the prevention of a distinct risk, this may be a relevant fact, having proper bearing upon the conduct of a reasonable man under the circumstances, which the jury should be permitted to consider.

*Kraus v. Alamo Nat'l Bank,* 586 S.W.2d 202, 208 (Tex.Civ.App.—Waco 1979), *affirmed on other grounds,* 616 S.W.2d 908 (Tex.1981). *Kraus* involved a wall which fell on a passerby during the process of a demolition of a building. It had nothing to do with the employer-employee relationship.

■ The relevance of an OSHA standard is that it, and the ANSI standards which form the basis for most OSHA standards, are the cumulative wisdom of the industry on what is safe and what is unsafe. While OSHA was written to protect employees, an unsafe practice for an employee applies equally well to a customer who legitimately finds himself in the same geographic space as the employee. Safety principles don't change depending on whether the victim is an employee, a customer, or a passerby. Therefore it has relevance to the standard of care. It doesn't establish negligence per se,

and it does not create a separate cause of action. *Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706 (5th Cir.1981); *Jeter v. St. Regis Paper Co.,* 507 F.2d 973 (5th Cir.1975). But it may be relevant evidence. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Civ. Evid. 401.

Despite appellants' prolonged protestations and authorities to the contrary in their brief, we find this (relevancy of OSHA regulations for standard of care) to be the applicable rule of law in Texas. All of appellants' authorities deal with causes of action brought for violations of those OSHA regulations. In the case at bar, no such recovery was sought by appellee. Rather, the evidence was introduced for the purpose of establishing a standard of conduct to serve as a basis for a negligence cause of action ... the testimony concerning the OSHA regulations only provided statutory reinforcement of the obvious common-law standard ...

*Baker Marine Corp. v. Herrera,* 704 S.W.2d 58, 61 (Tex.App.—Corpus Christi 1985, writ denied). Like any abuse of discretion standard, this does not mean the standards will always come in. The appellants rely heavily on *Sprankle v. Bower Ammonia & Chemical Co.,* 824 F.2d 409 (5th Cir.1987) where the federal district judge excluded the OSHA regulations from evidence, but allowed Sprankle's expert to use the OSHA standards and violations as underlying data for his opinion. Sprankle argued an abuse of discretion in excluding the regulations, but the court was upheld:

We have previously held on numerous occasions that Rule

403 determinations are "often inextricably bound with the facts of a particular case and thus will not be disturbed on appeal absent a showing of 'clear abuse.' "

*Id.,* at 417. It is elementary though that to find a case where evidence was partially excluded under the abuse of discretion standard cannot be used to prove that in another

case with different facts that a court was in violation of abuse of discretion for admitting evidence. This is even more pointedly so when there was no objection voiced to the admission.

Likewise the case of *Montelongo v. Goodall*, 788 S.W.2d 717 (Tex.App.—Austin 1990, no writ), relied on by the appellants, is considerably wide of the mark. The plaintiff in this case had been hurt on trailer house steps and wanted to introduce the Uniform Building Code, adopted by the City of Austin, to show the steps were in violation of the Code. Appellants, in our case, argue that by analogy, the same result would be dictated involving OSHA standards. A reading of *Montelongo* though shows the Building Code standards were excluded because the standards were not adopted until one year after the plaintiff was injured, and were thus held to be "irrelevant." Moreover the plaintiff's expert admitted that the standards were construction standards and did not apply to steps already in place and that he did not know whether the steps in question came with the trailer or were added later, and therefore was unable to say whether the standards were applicable or not. *Id.* at 720. The facts of *Montelongo* have little relevance to the facts of this case. In summary, we see nothing that indicates the law has changed since *Kraus* held that OSHA regulations "are admissible into evidence as being relevant to the standards of conduct which should have been employed by a defendant." *Kraus*, 586 S.W.2d at 208.

In addition to the above reasoning, failure to object to this testimony at the time of introduction, or at any other time during the trial is fatal. TEX.R.CIV.EVID. 103(a)(1). "In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion ..." TEX.R.APP.P. 52(a); *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex.1989).

Appellant's first point of error is overruled.

### Admission of Another Accident at Another Store

■ Appellant's second point of error complains of the testimony of Plaintiff's expert, Vaughn Adams, who testified about a similar accident he was familiar with at Builder's Square in Corpus Christi. Wal-Mart points out that Builder's Square is a stranger to Wal-Mart, that the companies are not related to each other, and there is no evidence that Wal-Mart knew anything about the Builder's Square accident, and therefore it had no value to show their awareness of a premises condition. We agree with this. However, this does not close the inquiry.

Wal-Mart, in its cross-examination of Adams, asked several questions designed to show that Adams did not know what he was talking about when he criticized the shelving procedures of Wal-Mart. He was asked by Wal-Mart if he had ever been to a Toys R Us; or if K-Mart, or Target used the kind of lips on their shelving that he said was needed. The clear implication was that they didn't have lips on their shelves either, and that Adams didn't know that, or had chosen to overlook it because it didn't fit his theory. On direct examination Adams defended his position by saying he knew about the shelving of Builder's Square because he had investigated an accident there involving similar shelving. Thus, the testimony was not relevant to the knowledge of Wal-Mart, but was relevant to the knowledge of Adams. Wal-Mart complains that Adams jumped from questions about procedures to accidents, but the answer was intertwined with some admissible evidence, i.e., he knew about the shelving at Builder's Square; with some evidence that may have been objectionable, i.e., there had been an accident there. The only objection was that the answer was "not relevant." No limiting instruction was asked for, and no Rule 403 analysis was requested to weigh the relevance against the danger of unfair prejudice, confusion of the issues, or misleading the jury. TEX.R.CIV.EVID. 403. We are not convinced that the court was in error with the objection before it, much less that it was reversible error.

A party attempting to obtain a reversal of a judgment based upon an error of the trial court in admitting evidence must show: (1) that the trial court did in fact commit error and (2) that the error was reasonably calculated to cause and proba-

bly did cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1).

*Carter v. Exxon Corp.,* 842 S.W.2d 393, 399 (Tex.App.—Eastland 1992, writ denied).

Appellant's second point of error is overruled.

### No And Insufficient Evidence of Negligence Discussion

■ Wal–Mart's third and fourth point of error is that there is no evidence, or insufficient evidence to support a finding of negligence. Even though this was a premises defect case, the case was submitted on a negligence charge without any objection by either party, and no objection has been made to the method of submitting the case on this appeal. Therefore we need not decide whether this form of submission is in error, and we do not do so. Error in the charge must be preserved by distinctly designating the error and the grounds for the objection. TEX.R.CIV.P. 274.

> It seems well settled in this State that where no objection is made to a defective submission of a controlling issue constituting a component element of a ground of recovery or a defense and a judgment is rendered thereon, such judgment will not be reversed because the failure to object is considered as a waiver of the defective submission of such issue.

*Allen v. American National Insurance Company,* 380 S.W.2d 604, 609 (Tex.1964).

Wal–Mart does object that there is no evidence or insufficient evidence to support the verdict. The supreme court has stated the standard by which we review a factual sufficiency point: we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

> ... it is important to remember that this court is not jury number two. Whether this court, if it were the original factfinder, would have found for one side or the other is immaterial. A jury is this state has great power. Jurors are "the sole judges

of the credibility of the witnesses and the weight to be given to their testimony." Tex.R.Civ.P. 226a, approved instruction III. Their decision is not to be tampered with lightly, whether it favors the plaintiff or the defendant. The jury has, and should have, the final word on facts.

*Carr v. Jaffe Aircraft Corporation,* 884 S.W.2d 797, 799 (Tex.App.—San Antonio 1994, no writ).

We agree with Wal–Mart that there is conflicting evidence in the case, and there would have been evidence to support a verdict for Wal–Mart had a jury so found. But they didn't. And, after having reviewed the record, we find there is legally and factually sufficient evidence to support the verdict the jury did render. Appellant's points of error three and four are overruled.

The judgment is affirmed.