Juan COSTILLA, Appellant,

v.

CROWN EQUIPMENT CORPORA-TION d/b/a Crown Lift Trucks Company, Appellee.

No. 05–03–01148–CV.

Court of Appeals of Texas, Dallas.

Nov. 15, 2004.

Luis M. Avila, Avila Law Firm, Dallas, for appellant.

Brent C. Howard, Tyler, for appellee.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice WHITTINGTON.

Juan Costilla appeals a jury verdict and judgment on his products liability claims against Crown Equipment Corporation d/b/a Crown Lift Trucks Company. In seven issues, Costilla complains the trial judge erred in admitting and excluding certain evidence; failing to submit a re-quested jury instruction; and permitting testimony by Crown's expert. He also complains about the sufficiency of the evidence. We affirm the trial court's judgment.

## BACKGROUND

Costilla lost his leg in a forklift accident on July 21, 1999. He sued Crown, the manufacturer of the forklift, alleging the design of the forklift was defective. Costilla maintained there was a safer alternative design that would have prevented his accident. He argued his injury would have been prevented if the forklift had a door. The jury found the forklift was not defective. The jury also found Costilla was negligent. A take-nothing judgment was entered upon the jury's verdict by the trial judge.

## OSHA REGULATION AND NIOSH ALERT

In his first two issues, Costilla complains of the admission into evidence of an Occupational Safety and Health Administration regulation and an alert from the National Institute for Occupational Safety and Health. Costilla urges that the OSHA regulation and the NIOSH alert were irrelevant to any issue in the case and highly prejudicial.

▪▪▪ The admission or exclusion of evidence is a matter within the trial judge's discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the trial judge's ruling was in error and that the error was calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1; *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43. A trial judge abuses his discretion when he acts "without regard

for any guiding rules or principles." *Owens–Corning Fiberglas Corp.,* 972 S.W.2d at 43. We must uphold the trial judge's evidentiary ruling if there is any legitimate basis for doing so. *Owens–Corning Fiberglas Corp.,* 972 S.W.2d at 43.

■ The trial judge did not err in admitting the exhibits because they were relevant to Costilla's design defect claim. To establish a design defect in the Crown forklift, Costilla bore the burden of establishing there was a safer alternative design for the product. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 82.005(a)(1) (Vernon 1997); *see also Honda of Am. Mfg., Inc. v. Norman,* 104 S.W.3d 600, 604 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (claimant must prove statutory elements of producing cause and safer alternative design). To establish a safer alternative design, a plaintiff must show that the alternative design would not, under other circumstances, impose an equal or greater risk of harm. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 337 (Tex. 1998). The safety benefits from the proposed design must be "foreseeably greater than the resulting costs, including any diminished usefulness or diminished safety." *Uniroyal Goodrich Tire Co.,* 977 S.W.2d at 337. Costilla contended the forklift would have been safer had it been designed with a door to hold him in the forklift's compartment as the forklift dropped over the edge of the loading dock. To counter this claim, Crown was permitted to introduce evidence tending to show that inclusion of a door in the design of the forklift was not a safer alternative design.

The OSHA regulation in question addresses training of operators of powered industrial trucks, including forklift trucks. *See* 63 Fed.Reg. 66238, 66239 (Dec. 1, 1998); 29 C.F.R. 1910.178. The NIOSH alert is entitled "Preventing Injuries and Deaths of Workers Who Operate or Work Near Forklifts." Both documents recommend that operators of stand-up type forklifts be trained to exit from the truck by stepping backward if a tipover occurs.[1]

Costilla urges the OSHA regulation and the NIOSH alert should not have been admitted for three reasons. First, they are not design standards. Second, they were not in effect when the forklift in question was designed. Third, Crown sells forklifts with doors to other customers, proving the regulation and alert do not prohibit doors on forklifts. At the hearing on Costilla's motion in limine, Crown countered these arguments by contending a door would prevent the operator from stepping backward as recommended for certain situations in the regulation and alert. Crown further argued Costilla's experts were going to testify that forklift operators should be trained to stay in the forklift if it tipped over rather than attempt to exit. Crown asserted it should be permitted to argue to the jury that Costilla's experts' testimony was contrary to OSHA's recommendations. The trial judge agreed and denied the motion in limine. He also denied Costilla's relevance and hearsay objections to the admission of the exhibits at trial.

■ We do not agree with Costilla that the exhibits are irrelevant to the issues to be decided by the jury. The test for relevance is whether the evidence has "any

1. The OSHA regulation itself does not include this recommendation. The discussion regarding the content of training is included in the December 1, 1998 Federal Register excerpt accompanying the adoption of the regulation.

*See* 63 Fed.Reg. 66238 (Dec. 1, 1998). This excerpt was admitted into evidence at trial and is one of the two exhibits complained of by Costilla.

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401. Whether a door to keep the operator inside the forklift compartment was a safer alternative design was a "fact of consequence" to the determination of the action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(a)(1) (claimant alleging design defect must prove there was safer alternative design). Evidence that federal occupational safety regulations recommended the operator exit the forklift in certain situations rather than stay within it was relevant to Costilla's proposed safer alternative design. The jury could consider whether Costilla's proposed design would impose an equal or greater risk of harm under other circumstances. *See Uniroyal Goodrich Tire Co.,* 977 S.W.2d at 337.

■ Costilla also contends that any relevance of this evidence was far outweighed by the danger of unfair prejudice and misleading the jury, contrary to Texas Rule of Evidence 403. He argues the jury was confused when Crown argued the "law of the land" (the OSHA regulation) did not require a door on the forklift. Citing *Sprankle v. Bower Ammonia & Chemical Co.,* 824 F.2d 409, 416 (5th Cir.1987), Costilla contends the unfair prejudice outweighs the relevance of the evidence because a juror would not understand the difference between a regulation and a law. In *Sprankle,* the federal district judge excluded the OSHA regulations from evidence, but allowed Sprankle's expert to use the OSHA standards and violations of them by Sprankle's employer as underlying data for his opinion. *See Sprankle,* 824 F.2d at 416–17. The trial judge concluded the jury might place undue emphasis on this evidence in a suit against the manufacturer of the chemical, and this

concern substantially outweighed the probative value of the evidence. *See Sprankle,* 824 F.2d at 409. The appellate court noted it would not disturb the trial judge's ruling absent a showing of "clear abuse" of discretion, because Rule 403 determinations are "often inextricably bound with the facts of a particular case." *Sprankle,* 824 F.2d at 417 (quoting *Shipp v. General Motors Corp.,* 750 F.2d 418, 427 (5th Cir. 1985)).

■ Similarly, we will not disturb the trial court's ruling without a showing that it was made without reference to guiding rules and principles. *See Owens–Corning Fiberglas Corp.,* 972 S.W.2d at 43. As noted by the court in *Wal–Mart Stores, Inc. v. Seale,* 904 S.W.2d 718, 720–21 (Tex. App.-San Antonio 1995, no writ), *Sprankle* does not compel a conclusion that the admission of OSHA standards constitutes an abuse of discretion:

> It is elementary though that to find a case where evidence was partially excluded under the abuse of discretion standard cannot be used to prove that in another case with different facts that a court was in violation of abuse of discretion for admitting evidence.

*Seale,* 904 S.W.2d at 720–21. Here, the jury heard conflicting testimony about whether it would be safer for an operator to stay within the forklift's compartment or to exit the forklift if it tipped over. Each party's experts testified about the safety of the design of the forklift and presented differing views about the OSHA regulation's recommendation on how forklift operators should be trained. This testimony was highly relevant to the issues to be decided by the jury. The trial judge heard Costilla's arguments about the relevance of the evidence both during the hearing on the motion in limine and before the admission of the exhibits at trial. He concluded the evidence was not hearsay

and was relevant. The trial judge did not err in admitting the evidence. We overrule Costilla's first two issues.

## REFUSAL OF JURY INSTRUCTION

█ In his third issue, Costilla contends the trial judge erred in refusing his requested jury instruction regarding the OSHA regulations. Costilla requested the judge to instruct the jury:

> The Occupational Safety & Health Act (OSHA) does not regulate manufacturers, and as such, does not enact standards for forklift manufacturers. Rather, it is a body that regulates employers and in its regulations may refer to other existing manufacturing standards.

> You have heard evidence of manufacturing standards throughout the trial. These standards should not be given conclusive weight, but rather, should be given the same weight as is given to all other evidence introduced in the case.

We review the trial judge's refusal of a requested jury instruction for abuse of discretion. *See State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 451–52 (Tex.1997). The judge "shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R. CIV. P. 277; *see also Nicolau,* 951 S.W.2d at 451–52.

█ The jury was asked whether there was a design defect in the forklift at the time it left the possession of Crown that was a producing cause of the injury in question. "Design defect," "safer alternative design," and "producing cause" were defined for the jury, and Costilla does not complain on appeal of the question or definitions given. Thus, the controlling question was asked, and instructions were given to enable the jury to render a verdict on the question. *See* TEX.R. CIV. P. 277; *see also Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 790 (Tex.1995) (submission of controlling issue in one question not confusing or unfeasible). Costilla's proposed instruction regarding "manufacturing standards" was not reasonably necessary to enable the jury to render a proper verdict on a controlling question in the case. The trial judge did not abuse his discretion by refusing it. We overrule Costilla's third issue.

## EXPERT TESTIMONY

Costilla next complains the trial judge erred in admitting the testimony of Charles Watkins, one of Crown's expert witnesses. Costilla objected to the portion of Watkins's testimony relating to a computer simulation prepared by Watkins of a forklift falling off a dock. Watkins concluded serious injury was "possible" if an operator stayed inside the forklift's compartment. Costilla urges there is no evidence from actual accident records that an operator would be seriously injured from staying inside the forklift's compartment. Costilla urges Watkins's testimony should not be admissible unless Watkins concluded the risk of serious injury from staying within the forklift's compartment was "probable," because testimony that serious injury was merely "possible" constitutes speculation. The trial judge considered Costilla's complaint several times during the trial. He permitted Watkins to testify, but excluded from evidence Watkins's report on his computer simulation.

█ For an expert's testimony to be admissible, the expert must be qualified, and his opinion must be relevant to the issues in the case and based upon a reliable foundation. *See Exxon Pipeline Co. v. Zwahr,* 88 S.W.3d 623, 628 (Tex. 2002); TEX.R. EVID. 702. Costilla does not challenge Watkins's qualifications. Accordingly, we must determine whether his testimony is relevant and reliable. *See Exxon Pipeline Co.,* 88 S.W.3d at 629 (ap-

plying relevance and reliability standard to determine admissibility of expert's opinion). The relevance requirement is met if the expert testimony is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. The reliability requirement is met if the expert testimony is grounded in the methods and procedures of science; the testimony must be more than subjective belief or unsupported speculation. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. Expert testimony is also unreliable if there is too great an analytical gap between the data the expert relies upon and the opinion offered. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. The trial judge does not decide whether the expert's conclusions are correct, but only determines whether the analysis used to reach those conclusions is reliable. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. We review rulings on the admissibility of expert testimony for an abuse of discretion. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995).

■ Watkins's testimony was relevant to the issues to be decided by the jury. He conducted an audit of Crown's design process, determining whether Crown acted as a reasonable manufacturer would have in designing the forklift and taking safety considerations into account. He also offered testimony regarding Costilla's suggested alternative design, contradicting the testimony of Costilla's experts by concluding the inclusion of a door in the forklift's design was not a safer alternative. This testimony was sufficiently tied to the facts of the case to assist the jury in resolving a factual dispute. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. The trial judge did not abuse his discretion in determining Watkins's testimony was relevant.

Costilla's complaint is that Watkins's conclusions are based only on "possibilities," not "reasonable probability." Citing *General Motors Corp. v. Harper,* 61 S.W.3d 118 (Tex.App.-Eastland 2001, pet. denied), Costilla urges an expert's unsupported statements are "no evidence" that an alternative design is unsafe. In *Harper,* General Motors contended the plaintiff had offered no evidence of a safer alternative design. While the plaintiff's expert testified a particular type of webbing would have made a safer seatbelt, his opinion was not based upon his own testing but rather on an article he conceded included a recommendation that the webbing not be used for seat belts. *See Harper,* 61 S.W.3d at 128. Here, Watkins testified regarding his procedures and methodology for both his audit of Crown's design process and his computer simulation. He offered more than his "subjective opinion" or "unsupported speculation" regarding Crown's design process and whether Costilla's alternative design was safer. *See Exxon Pipeline Co.,* 88 S.W.3d at 629. Watkins's conclusion that an operator could—but might not—suffer serious injury by staying in the forklift's compartment as it fell does not render his opinions about the design of the forklift unreliable simply because he could not say with certainty whether an operator would be fatally injured or not. Costilla's counsel cross-examined Watkins on this point, and the jury heard contrary evidence from Costilla's experts. The trial judge did not abuse his discretion in permitting Watkins to testify. We overrule Costilla's fourth issue.

### COSTILLA'S NEGLIGENCE AND JUDGE'S EXCLUSION OF EVIDENCE OF SIMILAR ACCIDENTS

In its answer to the second question in the charge, the jury found Costilla's negligence was a proximate cause of his injury. In his fifth issue, Costilla complains there

is no evidence to support this finding. In his sixth and seventh issues, Costilla complains the trial judge erred in excluding evidence of similar accidents because it rebutted Crown's contention that Costilla was negligent.

The answer to the question whether Costilla was negligent, however, only affected the judgment if the jury had found a design defect. Then, the jury would have determined percentages of causation attributable to Crown and Costilla. Because the jury found no design defect, however, they did not answer the percentage causation question. We have overruled Costilla's complaints regarding the design defect finding. Therefore, the judgment is supported by the jury's finding of no design defect, and we need not consider Costilla's complaints regarding the sufficiency of the evidence supporting the jury's negligence finding or the trial judge's exclusion of evidence relating to it. *See* TEX. RS.APP. P. 44.1; 47.1. We overrule Costilla's fifth, sixth, and seventh issues.

We affirm the trial court's judgment.