Affirmed and Memorandum Opinion filed November 1, 2005









Affirmed and Memorandum Opinion filed November 1,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00104-CV

____________

 

JULIO CARRILLO,
INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF GUADALUPE CARRILLO,
DECEASED; CARLO CARRILLO; AND ROSA CARRILLO, Appellants

 

V.

 

STAR TOOL COMPANY, Appellee

 



 

On Appeal from the 151st
Judicial District Court

Harris  County, Texas

Trial Court Cause No. 01-18858

 



 

M E M O R A N D U M   O P I N I O N








This negligence case arises from an oil
field accident that resulted in the death of Guadalupe Carrillo.  Appellants, survivors of the decedent, sued
appellee Star Tool Company alleging Star Tool negligently caused Carrillo=s death.[1]  The case was tried to a jury, and the jury
returned a unanimous verdict finding that neither Carrillo=s, nor Star Tool=s negligence
proximately caused Carrillo=s death.   In two issues, appellants argue the trial
court erred in excluding evidence, and in permitting a biased veniremember to
remain on the jury panel.  We affirm.  

I.  Factual Background

On November 16, 1999, Guadalupe Carrillo
was working for Sierra Well Service Inc. (ASierra@) as a floorhand
at a well site.  Carrillo=s crew connected
pipes with a large swivel Sierra rented from Star Tool.  Carrillo=s job was to guide
the pipe and ensure that it stayed straight. 
After making a connection, another Sierra employee, maneuvered the
swivel with hand controls and inadvertently moved the swivel up before the
chain was unhooked causing the attached pipe to swing through the air and hit
Carrillo.  Carrillo died as a result of
the incident and this lawsuit ensued.  

The well site was operated by McDonnold
Operating Inc., who hired Sierra as the pulling unit operator.  McDonnold also hired Star Tool to provide
rental equipment to Sierra.  Sierra
provided Star Tool with specifications of equipment it needed to complete the
project, including a power swivel and a reverse unit operator to assist Sierra
with the swivel.  Star Tool rented Sierra
a power swivel and a reverse unit operator.

A swivel can be cocked using either a
ball, cup, or chain.  Because Star Tool
provided a swivel that did not have a ball or cup attached, a chain was used as
a positioning device.  Appellants argued
Star Tool was negligent in not having a ball or cup attached to the swivel
because the chain method of cocking the swivel is unreasonably dangerous.  Appellants= witnesses at
trial testified that, at the time of the incident, the chain method was more
dangerous than its alternatives. 
Witnesses for Star Tool testified all three methods were equally dangerous.

 

 








II.  Evidentiary Rulings

In their first issue, appellants contend
the trial court erroneously excluded: (1) a letter  written by an Occupational Safety and Health
Administration (AOSHA@) investigator
addressed to Sierra Well Service and (2) policies concerning the use of a chain
to position the swivel published after the accident by the Association of
Energy Service Companies (AAESC@),  Sierra, and Key Energy.  Appellants contend the excluded evidence is
relevant, and its absence hampered their ability to effectively cross-examine
appellee=s witnesses about
the crucial issue of whether the use of a chain as a positioning device was
unreasonably dangerous when either a ball or cup could have been used safely. 

A.      Standard
of Review

The decision to admit or exclude evidence
is committed to the discretion of the trial court and is reviewed for abuse of
discretion.  Owens-Corning Fiberglas
Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it
acts without reference to any guiding rules and principles.  Id. 
We must uphold the trial judge=s evidentiary
ruling if there is any legitimate basis for doing so.  Id. 
To obtain reversal of a judgment based on error in the admission or
exclusion of evidence, an appellant must show the trial judge=s ruling was
erroneous and the error was calculated to cause and probably did cause the
rendition of an improper judgment.  Tex. R. App. P. 44.1; Gee v. Liberty
Mutual Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).  

Evidence must be relevant to be
admissible.  Tex. R. Evid. 402. 
Evidence is relevant if it has Aany tendency to
make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the
evidence.@  Tex. R. Evid. 401.  All relevant evidence is admissible unless
its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury.  See Tex.
R. Evid. 402, 403.

 








B.      Letter from OSHA 

In their offer of proof, appellants
offered a letter written by an OSHA investigator to Sierra.  The trial court excluded the letter as being
irrelevant to Star Tool=s liability.[2]
Appellants argue the letter from OSHA is relevant to show Star Tool breached
the standard of care owed to Carrillo. 
The only OSHA related document in appellants= offer of proof is
a letter written to Carrillo=s employer Sierra,
not Star Tool. 

OSHA regulations are generally admissible
as being relevant to the standards of conduct that should have been employed by
a defendant.  Wal-Mart Stores, Inc. v.
Seale, 904 S.W.2d 718, 720 (Tex. App.CSan Antonio 1995,
no writ); Kraus v. Alamo Nat=l Bank of San
Antonio, 586 S.W.2d 202, 208 (Tex. App.CWaco 1979), affirmed,
616 S.W.2d 908 (Tex. 1981).  OSHA
standards are generally relevant as the cumulative wisdom of the industry on
what is unsafe.  Seale, 904 S.W.2d
at 720.  Additionally, expert testimony
regarding OSHA standards and their application is both relevant and admissible.  Lyondell Petrochemical Co. v. Fluor Daniel,
Inc., 888 S.W.2d 547, 555 (Tex. App.CHouston [1st
Dist.] 1994, writ denied).  

In this case, the excluded letter is not
an OSHA regulation or government standard. 
The letter declared that no citation would issue and specifically stated
no OSHA regulation or standard applied to the occurrence.  Instead, the letter contains only recommendations
to Sierra, not Star Tool, based on the opinion of one OSHA investigator who did
not testify at trial.  Unlike an OSHA
regulation, the excluded letter does not carry with it the indicia of
reliability that is inherent in a government adopted safety standard.   Cf. Costilla v. Crown Equipment Corp.,
148 S.W.3d 736, 739B40 (Tex. App.CDallas 2004, no
pet.) (OSHA regulation admissible in action alleging design defect). 








Appellants further argue the OSHA evidence
is relevant because it tends to prove employees of Sierra complained to
investigators shortly after Carrillo=s death about the
lack of a ball or cup.  After Carrillo=s death, Star Tool
hired a company to investigate the accident, and Sierra conducted an
investigation of the accident with the Gaines County Sheriff=s Department.  During these investigations, various Sierra
employees gave written statements concerning the accident, but none of them
mentioned the use of the chain method or the failure to use a ball or cup.  At trial, three employees of Sierra testified
they were concerned that the swivel did not have a ball or cup, but did not
mention the lack of a ball or cup in their official statements after the
accident.  

Appellants argue this line of questioning
made the OSHA letter relevant because: (1) it is derived in part from
interviews of Carrillo=s co-workers; (2) it tends to show the
chain method was a serious concern to Sierra=s employees; and
(3) it controverts Star Tool=s assertions that
no one blamed the chain method for Carrillo=s death.  The trial court excluded the OSHA letter and
accompanying testimony because there was no evidence that the witnesses who
testified at trial also spoke with the OSHA investigator.  The trial court did not abuse its discretion
in denying the introduction of otherwise inadmissible evidence for the
proposition that trial witnesses may have complained to an OSHA
investigator.  

C.      Post-incident
Industry Standards

Appellants next argue the trial court
improperly excluded post-incident written policies of Sierra, Key Energy, and
AESC requiring or recommending a chain not be used as a positioning
device.  The trial court permitted
appellants= expert to testify as to what was known in
the industry, with regard to the use of a chain, at the time of the incident
and up to the time of the incident, but excluded evidence of policies that were
published after the accident.








Post-event regulations are
inadmissible.  Turner v. General
Motors Corp., 584 S.W.2d 844, 852 (Tex. 1979); Steenbergen v. Ford Motor
Co., 814 S.W.2d 755, 760 (Tex. App.CDallas 1991, writ
denied).  Post-event policies are
irrelevant to the industry standard on the date of the incident, and the record
does not reveal Star Tool had notice of any written policy recommending chains
not be used.  A defendant will not be
held to a standard written in a policy after the incident.  See Turner, 584 S.W.2d at 852.  Thus, the trial court did not abuse its
discretion by excluding the post-incident written policies from the evidence.
Appellants= first issue is overruled.

III.  Challenge
for Cause

In their second issue, appellants contend
the trial court erroneously allowed a biased veniremember to remain on the jury
panel, forcing them to unnecessarily use a peremptory strike and accept an
otherwise objectionable juror. 

During voir dire, a prospective juror said
she had strong feelings about plaintiffs= attorneys and it
would be difficult for her to listen to the evidence in the case and follow the
court=s
instructions.  When appellants made their
strikes for cause, appellants= counsel stated, A18 is a defense
attorney.  She would C she did not give
an answer one way or another as to whether or not she could or could not be
partial C impartial.@  The trial court questioned the prospective
juror as follows:

The Court: 
Do you feel that you can be fair and impartial in this case? And if not,
could you tell me that, as well. 

Prospective Juror: Well, just from the facts that we
have discussed so far, I feel that the duty that such a company as a tool
company would owe to someone who rented tools from them is pretty
tangential.  And I am C it would be difficult for me to
listen to such evidence that a tool rental company would be responsible for
someone=s injuries.  

The Court: Without getting into any of the
particulars in the case, you have not heard any evidence in the case about the
actual relationship or the extent of the relationship.  Based on what you have heard so far, do you
feel like you have already made up your mind and you can=t consider that evidence?  Or can you sit in the jury and fairly
evaluate the evidence if it=s presented.  If you
decide there isn=t some relationship, then you will
make your decision one way; but if the facts come out another way, can you
consider those in deciding your verdict in this case?








Prospective
Juror: I mean, I
would consider the evidence as a juror, but C

The Court: I guess the real question is: Are
you giving me your opinion because I asked it based on what you have heard so
far, or do you feel like you have already made up your mind on this case?

Prospective
Juror: Well, I am
pretty - - to be honest, I am very much leaning in one direction.  I won=t say I have made up my mind and that nothing could change
it; but I am pretty well decided on what I, you know, would decide in this
case. 

The Court: So then let me ask you again the
ultimate question:  Based on that, do you
think you could be a fair and impartial juror in this case?

Prospective
Juror: It would be
difficult.  I think the evidence would
have to be very strong. 

The Court: Let me give you a
hypothetical.  Okay?  Hypothetically C and I am not getting into the
particulars of this case.

Prospective
Juror: Okay. 

The Court: Hypothetically, if the evidence
were to present that there was something more to the relationship on the
particular date of the particular incident, that there was some more
involvement than just the basic relationship of a rental company, if that were
to be the evidence, do you feel that you could listen to that evidence and, if
the evidence were to prove some sort of relationship that would rise to the
level of liability against the defendant, that you could consider that?

Prospective
Juror: Yes, I do. 

 

After questioning
the veniremember, the trial court denied appellants= challenge for
cause. 








A person is disqualified to serve as a
juror if she has a bias or prejudice in favor of or against a party in the
case. Tex. Gov=t Code Ann. ' 62.105(4). Bias,
such as to disqualify a juror, means it must appear that the state of mind of
the juror leads to the inference that she will not act with impartiality, while
prejudice means prejudgment and therefore includes bias. Compton v. Henrie,
364 S.W.2d 179, 182 (Tex. 1963).  If a
juror=s bias or
prejudice is established as a matter of law, the trial court must disqualify
the juror.  Gant v. Dumas Glass and
Mirror, Inc., 935 S.W.2d 202, 207 (Tex. App.CAmarillo 1996, no
writ).  If it is not established as a
matter of law, the trial court makes a factual determination as to whether the
juror should be disqualified.  Malone
v. Foster, 977 S.W.2d 562, 564 (Tex. 1998). 
The trial court=s factual determination must be reviewed
in the light most favorable to the trial court=s ruling and
should not be disturbed absent an abuse of discretion.  Gant, 935 S.W.2d at 207; Sullemon
v. U.S. Fidelity & Guar. Co., 734 S.W.2d 10, 15 (Tex. App.CDallas 1987, no
writ).

Appellant argues, in reliance on Gum v.
Schaefer, 683 S.W.2d 803, 808 (Tex. App.CCorpus Christi
1984, no writ), that the prospective juror=s bias against
plaintiffs= attorneys could not be
rehabilitated.  Bias, however, is not
shown by answers to general questions, which are usually insufficient to
satisfy the diligence required to determine the mindset of a veniremember with
respect to disqualification for bias.  See
Gant, 935 S.W.2d at 208.  In
response to more specific questions from the court, the prospective juror
answered that she could fairly consider all the evidence and follow the court=s
instructions.  The record does not
conclusively show the veniremember=s feelings were so
strong in favor of a party or the subject matter of the suit that she would
base her verdict on those feelings and not the evidence.  The trial court was in the best position to
view her demeanor, and acted within its discretion in overruling appellant=s challenge for
cause.  Appellants= second issue is
overruled. 

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 1, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Appellants
originally brought suit against IRI International Corporation, who manufactured
the swivel, McDonnold Operating Inc., Basic Energy Services, Inc., the
successor to Sierra Well Service, and Star Tool.  Before trial, appellants non-suited with
prejudice their claims against Basic, and the trial court granted summary
judgment in favor IRI and McDonnold.     






[2]  The record
reveals an evidentiary hearing was held prior to the start of trial, but a
transcription of that hearing does not appear in the record before this
court.  Therefore, we cannot determine if
appellees objected to the letter on grounds other than relevancy.